## SUPREME COURT.

ELIJAH SHAW agt. AUSTIN S. JAYNE and MORRIS BROWN.

By a statement of facts constituting the cause of action, in a complaint, under the 142 section of the code, it is not intended that the evidence upon which the recovery is to be had, nor the circumstances in detail, which, when taken together will justify the conclusion that a wrong has been committed, or that a cause exists for which an action can be maintained, should be stated. It is not true under the new order of things any more than under the old, that a pleading may contain the *evidence or the circumstances of the case in detail.*

Thus, where the complaint, in an action for false imprisonment, stated at great length all the circumstances, and the particular instrumentality by which the plaintiff was restrained of his liberty, *held,* that it should all be stricken out. The mode of stating a cause of action heretofore in use in such a case, is all that is necessary.

*Before* WELLES, *Justice, at chambers, Sept.* 1849.—Motion on the part of the defendants to strike out certain portions of the complaint as being redundant and irrelevant.

The action is for false imprisonment. The complaint states, upon information and belief, that on or about the 5th day of February, 1849, the defendant, Morris Brown, issued and delivered to one Samuel R. Tuell, a deputy of the sheriff of the county of Steuben, an execution signed by said Brown, as attorney for Austin S. Jayne, the other defendant, which execution is in the words and figures following, that is to say : [The execution is then set forth *in hæc verba,* which is against the body of the plaintiff, to collect $79.84 costs in an action of ejectment, at the suit of the plaintiff Jayne.] The complaint then proceeds to state the arrest of the plaintiff by said Tuell as such deputy, by virtue of such execution, and his commitment to Daniel W. Wheeler, a deputy of the sheriff, and the keeper of the jail, &c., and the delivery of the execution to said Wheeler ; that Wheeler imprisoned the plaintiff for the space of three days, before the plaintiff could procure sureties to the usual bond to the sheriff, &c., to obtain the liberties of the jail limits ; that on the 10th day of February 1849, the plaintiff, with Orrin Grimes and Harlow L. Comstock as sureties, &c., executed and delivered to Wheeler, a bond to the sheriff, according to the provisions of article third of title seven, of chapter seven, of part third of the Revised Statutes ; and that thereupon the plaintiff was allowed the liberties of the jail limits. &c., but was kept and detained as a prisoner upon the said jail limits by virtue of the said execution, and against his will, until the sixteenth day of February, 1849, when he was discharged therefrom ; that the action

mentioned and referred to in the execution was commenced on the fifth day of July, 1848, and was brought by said Jayne, to recover possession of certain premises then occupied by Shaw, in Urbana, in said county, in which defendant Brown was attorney for Jayne, and that Brown issued the execution as attorney for Jayne; that judgment was entered in the action in favor of Jayne against Shaw, on the fifth day of February, 1849, for the recovery of certain of the said premises, and also $79.84 costs, &c.; that the execution was issued to enforce the collection of the judgment for costs.

The complaint then states the issuing of another execution on the judgment, about the 6th day of February, 1849, and the delivery of the same to said Tuell, &c., to recover possession of the premises, &c.; and that Tuell, by virtue thereof, on the said 6th day of February, 1849, delivered to Jayne that part of the dwelling-house on said premises which was then occupied by Shaw, and also the shed and north part of the premises near said house.

The plaintiff is informed and believes, that on the 10th day of March, 1849, at a special term of this court, held at Bath, Steuben county, before, &c., one, &c., the judgment and all subsequent proceedings in the action were set aside for irregularity, on condition that Shaw should within ten days stipulate not to bring an action against the plaintiff in the action, or his attorney, for issuing the said execution, for the delivery of the possession of the premises, &c.; that on the 16th day of March, the plaintiff stipulated accordingly, setting forth the stipulation at length; that he requested Jacob Larrowe, one of his attorneys to deliver the stipulation to said Brown, and is informed and believes, he did so deliver it, together with a copy of the order; that no execution against the property of Shaw, on said judgment, had been issued or returned previous to the issuing of the execution against his person. That plaintiff is informed and believes, that the defendant Jayne knew of, and consented to, the issuing of the first-mentioned execution, and knew of, and approved of the arrest and imprisonment of the plaintiff. The complaint then concludes with a claim of damage to $1000.

The motion is to strike out of the complaint the execution against the body of the plaintiff, as set forth at length; also the allegation of the plaintiff, giving sureties to the sheriff for the jail limits; also the allegation of issuing of the execution to put the said Jayne in possession of the premises, and the execution thereof, &c.; also all that is stated about setting aside the judgment by the special term, &c., and the stipulation, and the delivery thereof to Brown, &c.

The motion was heard at chambers, to accommodate the counsel, under a stipulation to have the order to be made, entered as of the last special term in Steuben county.

M. BROWN, *for defendants.*

H. L. COMSTOCK, *for plaintiff.*

WELLES, Justice.—Much as I deplore the spirit of innovation, which, for the last two sessions has seemed to govern the counsels of our Legislature on the subject of legal practice and pleading, I will not do them the injustice to believe that they ever intended to countenance such a form of pleading, in a simple action at law, as is here presented. The above statement of matters contained in the complaint is very much abbreviated, and yet enough appears to show that it contains all the ingredients of a bill of discovery. It is sworn to, and consequently the answer would have to be put in under oath; and what is not specially denied, will be deemed admitted. The 142d section of the amended code defines what a complaint shall contain. The second subdivision of that section is as follows: " A statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

By a statement of facts constituting the cause of action, is not meant the evidence upon which the recovery is to be had; nor the circumstances in detail, which, when taken together, will justify the conclusion that a wrong has been committed, or that a cause exists for which an action can be maintained. The mode of stating the cause of action heretofore in use in a case like the present, is all that is necessary. It is not true, under the new order of things any more than under the old, that a pleading may contain the evidence or the circumstances of the case in detail.

It never was necessary, in an action for false imprisonment, to set forth in the declaration, the particular instrumentality by which the plaintiff was restrained of his liberty. A large portion of the cases in practice were where the unlawful imprisonment was through or by means of process of some kind issued by courts, and the point of the complaint, the irregularity of the proceedings, or the want of power in the officer granting the process. This want of power might be owing to a great variety of causes in the various cases that arose; and yet I believe the old obnoxious practice was never charged with the absurdity of requiring the plaintiff in any such case to give a history, in his declaration, of the facts and circumstances which he intended to prove

on the trial. Much less should the reformed practice, which aims to rebuke the prolixity and circumlocution of ancient form and proceedings, be chargeable with the same vice in a fourfold degree. If the complaint or answer is founded upon *equitable principles*, it would be doubtless proper sometimes to set forth the facts and circumstances much more at length, than is necessary in a case depending, like the present, upon common law principles only. It is a mistake to suppose that the distinction between law and equity is abolished: it is only the distinction of actions that is abolished. The common law remains as much the standard of civil rights as ever, and is the great rule of action for the citizen. Equity is, as it always was, ancillary to the common law, and is never to be invoked excepting where the rules of law are found inadequate to afford such relief as the peculiar circumstances of particular cases demand.

The statement of the cause of action in the complaint will always disclose the character of the action, whether resting upon principles of law or rules in equity, and the pleader should adapt the form or mode of his statement to the class to which the case belongs; taking care, in each case, that it be " in concise language, without repetition, and in such a manner *as to enable a person of common understanding to know what is intended.*"

If, in the present case, the imprisonment complained of was the immediate effect of the act of the jailer, in receiving and detaining in custody the plaintiff, from a deputy sheriff who made the arrest by virtue of an irregular execution issued by the defendant Brown, for and with the approbation of the defendant Jayne, upon an irregular judgment which was afterwards set aside, the imprisonment was, after all the act of the defendants, and should have been so stated at once. The great merit of the new regime is brevity; and it would be a sad commentary upon it, if a rule of construction is adopted involving interminable prolixity and leading to a multitude of issues. I suppose it would be sufficient in this case for the complaint to state, " that the defendants on &c., at &c., unlawfully seized and took the plaintiff by his body, and compelled him to go from a certain dwelling-house in the town of Urbana, in the county of Steuben, through divers roads and highways, to the common jail in the county of Steuben, and there imprisoned him against his will for the space of ten days, to the great damage of the plaintiff," and demanding judgment for $1000.

Under such or a similar complaint, the plaintiff could give in evidence all the circumstances stated in the complaint in this case, provided they were competent under any form of stating the case.

I regard the whole frame of the complaint in the present case wrong;

and if the motion had been made to strike it all out, it would have been granted. The notice of motion, however, is to strike out certain parts, and is not in the alternative; and I can do no more than grant the motion as asked for in the notice. This is done with leave to the plaintiff to amend, and to substitute a new complaint, if he shall be so advised, for the same cause of action; such amendment to be made in twenty days after service of a copy of the order to be entered upon this decision. No costs to either party as against the other. The defendants to have twenty days to answer such amended complaint, in case one is served within the time above limited; and the same time to answer the complaint as it shall stand upon striking out the matters as provided in said order, after the plaintiff shall give notice in writing that he elects not to amend further.