Stivers v. Baker, &c.

Case 78—PETITION ORDINARY—October 30.

## Stivers v. Baker, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

PLEADING—ASSAULT.—In an action to recover damages for an assault, the petition must allege the facts which constitute the assault; it is not sufficient to allege that the defendant unlawfully "assaulted" the plaintiff, what constitutes an assault being a question of law for the court.

In this case the averment of the petition that the defendants did "unlawfully and without right or cause, with force and arms, set upon and assault" the plaintiff, amounts to no more than a statement that the defendants unlawfully assaulted the plaintiff, and, therefore, a demurrer to the petition was properly sustained.

JAMES MONTGOMERY FOR APPELLANT.

A petition averring that defendant "assaulted plaintiff while under arrest, and did thereby so excite him as to cause permanent injury to his health," is good on demurrer.

J. P. HOBSON FOR APPELLEE.

A petition charging an assault, without allegation of the manner of the assault, is not good either at common law or under the statute. (2 Greenleaf on Evidence, sec. 82; Chitty on Pleading, page 852; Huffaker v. Bank of Monticello, 12 Bush, 287; Hill v. Barnett, 14 B. M., 83; Pomeroy on Pleading, sec. 135; Kountz v. Brown, 16 B. M., 584; 7 Bush, 532; 9 Bush, 178, 527.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The petition avers that the appellees did "unlawfully, and without right or cause, with force and arms set upon and assault him (the appellant), while under arrest, and did thereby put him in great fear, and heap upon him great shame and indignity, and other injuries then and there did him, whereby he was damaged in the sum of fifty thousand dollars." This amounts to nothing more than a statement that they unlawfully assaulted him.

Is the petition sufficient?

Section 90 of the Civil Code provides, that it "must state *facts* which constitute a cause of action." The Code has swept away mere form, but the common law rules of legal procedure remain, and every averment necessary to a good declaration at common law must be made in the petition. (Lou. & Port. Canal Co. v. Murphy, Administrator, &c., 9 Bush, 522.)

The pleader must state the facts constituting the cause of action. This is the common law rule, and it is not only necessary to enable the opposite party to form an issue and to inform him of what his adversary intends to prove, but to enable the court to declare the law upon the facts stated. It can not do so if a mere legal conclusion is stated.

The term "assault" has a legal meaning, as much so as the word "trespass." It has been defined to be "an inchoate violence to the person of another, with the present means of carrying the intent into effect;" or "an unlawful setting upon one's person;" or "an unlawful offer or attempt with force or violence to do a corporal hurt to another." It may be committed in very many ways; as to present a gun or other weapon in a threatening manner within harming distance; to ride after one, compelling him to flee to avoid injury; to throw a harmful missile at another with intent to injure, even if it misses him; or advance in a threatening manner to strike one so that the blow will be received in a few seconds, if the assaulting party be not stopped. Instances almost without number might be given.

The petition in this instance does not state what

the party did upon which the appellant bases his charge of assault; he merely avers that he was unlawfully assaulted.

The term as used in a pleading has its legal meaning; it is actionable in its legal sense only; and how is a court to determine upon a demurrer to the petition whether the complainant has been assaulted, unless he states the facts. The *ipse dixit* of the pleader to this effect will not answer, because this would make him the judge of the law instead of the court.

Whether the acts of a party authorize the legal conclusion that he has committed an assault is to be determined by the court, and it can not do so unless they are stated. As well might it be said that a petition for trespass is sufficient, although it merely avers that the defendant *trespassed* upon the plaintiff's premises; or that an indictment is good if it merely charges A with *murdering* B.

If it can be fairly claimed that the word "assaulted," when used in pleading, amounts to a statement of both a fact and a legal conclusion, yet it is not such a statement of facts as will enable the court to determine whether the party charged has, by his acts, committed what is in law an assault.

In 1 Hilliard on Torts, page 179, it is said: "The question, what constitutes an assault, is a question of law to be determined by the court." This it can not do upon a demurrer to the petition, unless the acts done are stated. If they are set forth, it is not indispensable that the pleader should use the legal term "assault," although it is usual to do so in this form of action.

The judgment sustaining the demurrer to the petition, and dismissing the action upon failure to plead further, is affirmed.