(7 Misc. Rep. 651.)

### JOHNSON v. GIRDWOOD.[1]

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. PLEADING—SUFFICIENCY OF COMPLAINT ON DEMURRER.
   On demurrer a complaint will be upheld if it exhibit facts entitling to any relief, although it be insufficient for the specific form of action.

2. JUDGMENT—RES JUDICATA—CONVICTION OF CRIME.
   A judgment of conviction in a criminal court is conclusive only between the parties,—i. e. the state and the defendant; but is no estoppel as between the defendant and strangers to the record.

3. SAME—COLLATERAL ATTACK.
   A judgment of conviction on a plea of guilty may be avoided collaterally by proof that the plea was induced by the fraud, duress, and conspiracy of the person seeking to avail of it.

4. ACTION FOR TORT—CONSENT OF INJURED PERSON.
   Consent to a wrong, induced by fraud, duress, and conspiracy, is no answer to an action upon the wrong by the party so consenting against the party so procuring the consent.

(Syllabus by the Court.)

Appeal from special term.

Action by Joseph W. Johnson against James Girdwood. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Edward S. Clinch, for appellant.
James Dunne, for respondent.

PRYOR, J. The point for adjudication is whether a complaint, in substance as follows, be bad on demurrer, namely: That the plaintiff was arrested upon the complaint of the defendant. That each of the statements in defendant's complaint was false, and was known by the defendant to be false at the time he made it. That the complaint was made without probable cause and maliciously, with the intention on his part to injure the plaintiff, and to cause him to be unjustly arrested. That the plaintiff was taken before a police justice, and subsequently before the court of special sessions, and upon a false statement, made by the defendant, that it would benefit the plaintiff so to do, and would terminate the proceedings against

[1] Reargument granted. See 28 N. Y. Supp. 1144.

him, and would secure the plaintiff's release from arrest and imprisonment, the plaintiff, believing these statements, and under duress and threats of a long imprisonment, and not knowing the consequences of his so doing, did formally plead guilty of the alleged crime, though he was not guilty, as the defendant well knew; and that thereupon the plaintiff was sentenced to imprisonment, and remained imprisoned about 10 months. That the statements made by the defendant were false, and were made for the purpose of preventing the plaintiff from demanding a trial on the complaint against him, and thereby disclosing evidence detrimental to the defendant, and which, if produced, would have established plaintiff's innocence of the charge against him. That the complaint, the arrest of the plaintiff, his imprisonment, and all the proceedings were without a probable cause, and were the result of a conspiracy on the part of the defendant and others; and that all the defendant did in connection with the arrest and imprisonment was for the purpose of securing for the defendant immunity from violation of the law, and from fraudulent acts of which he was guilty. If the plaintiff's characterization of his action in the brief as "for false arrest and imprisonment" be correct, the complaint cannot stand a moment, for it appears that the prosecution and conviction of the plaintiff were upon legal process; but "an action for false imprisonment is for the defendant's having done that which, upon the stating of it, is manifestly illegal, while a malicious prosecution is for a prosecution which, upon the stating of it, is manifestly legal." Lord Mansfield in Johnstone v. Sutton, 1 Term R. 544. Under our system of procedure, a plaintiff's right of recovery depends, not upon the name he gives his action, or the classification to which he subjects it, but upon whether, on the facts exhibited, he is entitled to any legal redress. With us all suits are special actions on the case; and, if the facts show a right to relief, the plaintiff will not be turned out of court because of a technical error in scientific nomenclature. Emery v. Pease, 20 N. Y. 62; Wetmore v. Porter, 92 N. Y. 76, 80; Wright v. Wright, 54 N. Y. 437, 443; Neil v. Thorn, 88 N. Y. 270; Code, § 1207. Nor is it an answer to an action that the like was never heard of before. It is the peculiar merit of the common law that its principles are so flexible and expansive as to comprehend any new wrong that may be developed by the inexhaustible resources of human depravity. "If the plaintiff has a right, he must of necessity have a means to vindicate and maintain it, and a remedy if he is injured in the exercise and enjoyment of it. * * * Let us consider wherein the law consists, and we shall find it to be, not in particular instances or precedents, but in the reason of the law, and 'ubi eadem ratio, ibi idem jus.' * * * And it is no objection to say that it will occasion multiplicity of actions; for if men will multiply injuries, actions must be multiplied too, for every man that is injured ought to have his recompense." Holt, C. J., in Ashby v. White, 2 Ld. Raym. 938, 1 Smith, Lead. Cas. 455. "Where cases are new in principle, there I admit that it is necessary to have recourse to legislative interposition to remedy the grievance;

but where the case is only new in the instance, and the only question is upon the application of a principle recognized in the law to such new case, it will be just as competent to apply the principle to any case which may arise two centuries hence as it was two centuries ago." Ashurst, J., in Pasley v. Freeman, 3 Term R. 51, 2 Smith, Lead. Cas. 92; Swinarton v. Le Boutillier (herewith decided) 28 N. Y. Supp. 53. The primary right of man is to personal security, including character; and the infringement of this right is a wrong for which the law provides reparation. No matter by what means a man is wrongfully injured in his good name or person, for such injury the law awards him redress and retribution.

In the case before us the demurrer admits that by fraud, duress, and conspiracy the defendant maliciously procured the arrest, conviction, and imprisonment of the plaintiff for a crime of which he was innocent, and of which defendant knew him to be innocent, to his grievous injury in person, property, and reputation. Is it possible that for such a confessed wrong the plaintiff is remediless? The defendant answers that the judgment of conviction is conclusive of the plaintiff's guilt. So it may be, as between the plaintiff and the people; but that between the plaintiff and the defendant, a stranger to the record, the judgment operates as an estoppel, is a proposition contrary to fundamental principle, and unsupported by authority. The conviction, then, being open to impeachment between these parties, the demurrer admits everything requisite to demonstrate it a nullity. Duchess of Kingston's Case, 2 Smith, Lead. Cas. 573; Ward v. Town of Southfield, 102 N. Y. 287, 6 N. E. 660. It is urged, again, that the conviction of plaintiff was upon his own confession in open court; but the demurrer concedes that the confession was procured by fraud, duress, and conspiracy, and surely argument is needless to show that, if a judgment obtained by such terms is of no effect, a confession so extorted must, if possible, be still less conclusive. It is insisted, further, that, assuming the defendant guilty of the wrong alleged, the plaintiff may not maintain the action, because by his plea to the charge he aided and abetted his conviction. This application of the law of contributory negligence is, it must be owned, a novelty. The defense of contributory negligence is no answer to an action for an intentional tort. Bish. Non-Cont. Law, § 475; Railroad Co. v. Munger, 5 Denio, 255, 257. It is law, however, that the thing to which a man consents he may not allege as an actionable injury; the fundamental principle being "volenti non fit injuria." Broom, Leg. Max. 267; Bish. Non-Cont. Law, § 49. But in reason, as the terms of the maxim import, and the courts in countless cases have adjudged, an involuntary consent is no consent. Since, then, the demurrer admits the plea of guilty to be the effect of defendant's fraud, duress, and conspiracy, such plea implies no consent to the plaintiff's conviction, and is ineffectual as a defense to the action. The conclusion is that our law is not subject to the reproach of affording no relief for the monstrous wrong apparent on the complaint and admitted by the demurrer. Judgment reversed, with costs, and judgment for

plaintiff on demurrer, with leave to defendant to answer over on payment of costs.

BISCHOFF, J., concurs.

DALY, C. J. The plaintiff was about to be tried upon a criminal charge, of which he was innocent, when the prosecutor induced him to plead guilty by the false representation that to do so would secure his release. The result was his conviction and imprisonment for the crime, and now he brings an action to recover of the prosecutor damages for the false charge and malicious prosecution; and, it being necessary in such an action for the plaintiff to show that the prosecution terminated in his favor, he seeks to avoid the effect of the conviction by showing that it was procured by the fraud referred to. It is not to be questioned that if an innocent person were convicted by perjured testimony, by the spiriting away of his witnesses, or by the suppression of his evidence, the conviction would go for naught; and the termination of the prosecution would, for the fraud practiced, be no bar to his recovery of damages against the party who committed it. And so if the person were induced to plead guilty by the representation of any fact, or by any fraudulent promise; for in such a case he might be induced to rely upon the representation or promise. In this case there was no representation of fact, but in the representation that a plea of guilty "would benefit the plaintiff, and would terminate the proceedings against him, and that he would be released from arrest and imprisonment," there was implied the knowledge of some fact, circumstance, usage, or precedent, or the promise of some aid and interposition which would effect suspension of sentence and punishment. Such a representation would undoubtedly affect an ignorant mind, and, if falsely made, as alleged, and as admitted by the demurrer, would constitute actual fraud. The demurrer to the complaint, therefore, should have been overruled, and the judgment thereon must be reversed. Judgment reversed, with costs, and demurrer overruled, with costs, and judgment thereon ordered for plaintiff, with leave to defendant to answer over on payment of costs.