(14 Misc. Rep. 514.)

### WILSON v. PRESS PUB. CO.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. PRACTICE IN CIVIL CASES—DISMISSAL OF COMPLAINT.
    If, in any aspect, a complaint exhibits a right to any relief, it may not be dismissed on the opening, unless the opening concedes a fact fatal to the maintenance of the action.

2. BAILMENT—BREACH OF CONTRACT BY BAILEE—RIGHT TO POSSESSION.
    If one hire his services and goods to another for a determinate period, and during the period the other prevents performance of the contract, the former is entitled, on demand, to the possession of his goods.

3. DAMAGES—INJURY TO BUSINESS
    If, by a wrongful act, operating as a proximate cause, one's business be ruined by another, the latter is answerable in damages for the destruction of the business.

(Syllabus by the Court.)

Appeal from trial term.

Action by Richard Wayne Wilson against the Press Publishing Company. The complaint was dismissed on the opening, and plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Clifford W. Hartridge, for appellant.

John M. Bowers, for respondent.

PRYOR, J. Before the introduction of any evidence, the complaint was dismissed, on the ground that, upon its allegations and the

opening, the plaintiff could not maintain the action; in other words, that no cause of action was exhibited to the court. A motion to dismiss a complaint for defect of substance is in the nature of a demurrer, and the sole question presented by such motion is whether the pleading sufficiently states a cause of action. Sheridan v. Jackson, 72 N. Y. 170; Kley v. Healy, 127 N. Y. 555, 560, 28 N. E. 593. If the complaint show that the plaintiff is entitled to some relief, it is not open to demurrer, because it states the facts inartificially and argumentatively, and combines different causes of action, and demands an inappropriate judgment. Wetmore v. Porter, 92 N. Y. 76, 80; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263. As against a demurrer, a complaint "will be deemed to allege what can, by reasonable and fair intendment, be implied from the allegations." Marie v. Garrison, 83 N. Y. 14. If, in any aspect, the complaint reveal a right to any relief, the plaintiff will not be turned out of court for technical error in naming his action. Johnson v. Girdwood, 7 Misc. Rep. 651, 28 N. Y. Supp. 151; Id., 143 N. Y. 660, 39 N. E. 21. To warrant a dismissal on the opening, it must contain an admission fatal to the case (Stewart v. Hamilton, 3 Rob. [N. Y.] 672, 18 Abb. Prac. 298); and such admission will not be assumed on appeal (Kley v. Healy, 127 N. Y. 555, 559, 28 N. E. 593).

Construing the complaint and opening by the principles thus prescribed to us by imperative authority, we are unable to conclude that, from the facts stated, the plaintiff shows no title to relief. On the contrary, our clear conviction is that an actionable wrong is apparent upon the facts disclosed to the court. The complaint alleges that the plaintiff had conceived and developed into a profitable business a system of advertising agency; that to the operation of this system certain properties and instrumentalities, as well as his own personal services, were indispensable; that plaintiff agreed to hire that business, and those services, properties, and instrumentalities, to the defendant for a period of one year; that, for so letting his business, services, and properties to the defendant, he was to be paid a salary and a percentage of profits, and to be furnished room in the defendant's building; that, pursuant to the contract, he transferred his business, properties, and services to the defendant's building, and there conducted the advertising agency as the employé of the defendant; that, before the expiration of the stipulated term of hiring, the defendant "without cause, maliciously and forcibly entered and took possession of the rooms occupied by plaintiff, and took possession of the property of the plaintiff, to wit, certain books, papers, documents, furniture, and about $300 in money, and converted and disposed of the same to its use, and still unlawfully detains the same from the plaintiff, and had excluded the plaintiff and his employés from the occupancy of said rooms, and the use of said books, papers, documents, furniture, and money, and prevented him or them from using the same, and from the transaction of said business, as aforesaid"; that, by consequence, "the plaintiff has been deprived of the means of transacting his said business, and ever since has been, and now is, unable to transact the same, and his said business has been interrupted, if not wholly destroyed, to his damage $50,000;

that plaintiff has demanded of the defendant possession of said office, and said books, papers, documents, furniture, and money, but defendant refused to deliver the same, or any part thereof"; wherefore judgment is asked for the sum of $50,000 damages.

The fact that the defendant "without cause," i. e. wrongfully, maliciously, and forcibly, prevented the plaintiff from the transaction of the business he was hired to conduct, involves a breach of the contract on the part of the defendant, which authorized the plaintiff to treat it as at an end. Graves v. White, 87 N. Y. 463, 465. That the complaint exhibits an actionable wrong, with consequent damage, is a self-evident and indisputable proposition. But the contention is that, in his opening, the plaintiff abandoned the action for breach of contract, and stood exclusively upon the ground of injury to his property. The variance between the complaint and the proposed proof may be conceded, for argument; and, had the defendant objected to the case as opened, because different from the action pleaded, upon that supposition, his present position would be impregnable. Not only, however, did he raise no question as to a discrepancy between the complaint and the case as opened, but he admitted their identity; moving to dismiss on the ground that "the action pleaded and set forth in the opening cannot be maintained." The defendant may not now be heard to say that the plaintiff proposed to prove another cause of action than that presented by the complaint. Wells v. Association, 120 N. Y. 630, 24 N. E. 276; Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910. Indeed, the defendant assumes no such position; and his contention still is that the allegations of the complaint, as qualified by the opening, are insufficient to constitute any cause of action. In the opening the plaintiff disclaimed that the action is for his wrongful discharge, or upon contract, or for conversion; protesting in terms, and over and over again, that the wrong of which he complained and proposed to prove was injury to his property,—to his personal property and to his business. The allegation of the complaint, we remember, is that the defendant wrongfully prevented the plaintiff from the prosecution of his business, in pursuance of the agreement, and the statement in the opening is that the defendant "arbitrarily terminated his arrangement"; that is, the contract with the plaintiff. What, then, were plaintiff's rights? Upon the assumption, even, that the defendant was entitled to the possession of plaintiff's properties pending performance of the contract, after termination of the contract, the defendant had no right to retain them. The right of defendant to the possession of the properties was only under the contract, and during the existence of the contract; and the moment the contract was determined, whether wrongfully or rightfully, the possession reverted to the plaintiff. The contract at an end, it was the duty of defendant to suffer plaintiff to resume possession of his properties, and the retention of them by defendant after demand was, upon the plainest principles, an actionable wrong, for which plaintiff is entitled to be recompensed in damages. No matter, though it appears in the opening that, 10 months after action brought, some, if not all, of the goods were returned to plaintiff, the fact is effectual, not to defeat the action, but only to

reduce the damages. People v. Bank of North America, 75 N. Y. 548; 2 Greenl. Ev. § 276. Nay, more. Not only may plaintiff maintain the action for the unlawful detention of his goods, but, upon the allegation in the complaint (not withdrawn or restricted, but amplified, rather, in the opening) that by the wrongful and malicious termination of the contract, and seizure of his goods, his business was broken up, he may recover to the full extent for the destruction of the business.

It is clear beyond rational controversy that, upon the face of his pleading and opening, the plaintiff is entitled to legal redress; and hence the conclusion that the court erred in the dismissal of the complaint.

Judgment reversed, and new trial ordered, costs to abide the event.

BISCHOFF, J., concurs.

DALY, C. J. (concurring). The action which the plaintiff has brought for unlawful seizure and detention of his books and property, and for injury to his business, is the only one in which he could be adequately compensated for the actual damage he has sustained, if his allegations in that regard are substantiated. The action for the breach of his contract with the defendant would only give him as damages the value of the contract, which was for only one year, while the damage actually done, as he claimed, is much more extensive; since the seizure and detention of his books and papers caused a disruption of a business which he had built up and maintained long before his connection with defendant, which he might prosecute indefinitely after those relations were at an end, and which might be altogether destroyed, if interrupted by defendant in such a manner as to entail the loss of customers, trade, and good will. As this form of action may be maintained, as pointed out by Judge PRYOR, I concur for reversal and a new trial.