(20 Misc. Rep. 523.)

### McDONALD v. EDWARDS.

(Supreme Court, Special Term, New York County. June, 1897.)

1. SLANDER—SUFFICIENCY OF COMPLAINT.

Plaintiff was employed provisionally by the M. Co. until a bond for his good conduct, required by the M. Co., should be furnished by the G. Co. Plaintiff referred the G. Co. to defendant for information as to his character. The G. Co. refused to give the bond, and plaintiff was dismissed by the M. Co. He then brought an action against defendant, setting up these facts, and alleging that defendant conspired with another party to deprive him of employment, and that the G. Co.'s refusal to give the bond was by reason of false and malicious statements about him by defendant *Held,* that the complaint was bad as one for defamation, since it did not state the words spoken; and was also bad as one for preventing the plaintiff from obtaining employment, since it did not appear that the statements made by defendant were such as to justify the G. Co. in declining to give the bond.

2. SAME—PROXIMATE CAUSE OF DAMAGE.

It seems that there could be no recovery on such complaint, since the independent act of the G. Co. in declining to give the bond intervened between the defendant's act and the M. Co.'s dismissal of plaintiff, and defendant's act was, therefore, not the proximate cause of such dismissal.

Action by Philip J. McDonald against Frank W. Edwards. Demurrer to the complaint sustained.

Frederick K. Porter, for plaintiff.
Lorenzo Semple, for defendant.

PRYOR, J. In substance, these are the essential allegations of the complaint: That the plaintiff, soliciting employment of the Metropolitan Life Insurance Company, was required to furnish security for his good conduct by the United States Guarantee Company; that the guarantee company required information as to his habits and character; that thereupon he referred that company to the defendant for such information; that meanwhile the insurance company took plaintiff into its employment provisionally until the guarantee company should furnish the requisite security; that, in reply to inquiries by the guarantee company, the defendant, conspiring with one Moser to injure the plaintiff, and to deprive him of employment by the insurance company, falsely and maliciously made to said company divers statements concerning plaintiff, "accusing him of bad and vicious habits," statements which, if true, would render him unfit to occupy any position of responsibility; that by reason of said statements the guarantee company refused to give the bond for plaintiff's good conduct; that thereupon the insurance company dismissed the plaintiff from the provisional employment, "to his great loss and damage, and to the great loss and damage of his reputation and character, in the sum of $10,000." If, as the defendant insists, the action be for defamation, the complaint is clearly bad, because not setting forth the words supposed to constitute the slander. Germ-Proof Filter Co. v. Pasteur Chamberland Filter Co., 81 Hun, 49, 30 N. Y. Supp. 584; Townsh. Sland. & L. § 329. But, whatever the pleader's theory of action, a demurrer cannot prevail if the complaint exhibit a wrong entitling to any relief. Johnson v. Girdwood, 7 Misc. Rep. 651, 28 N. Y. Supp. 151, affirmed 143 N. Y. 660, 39 N. E. 21. Under certain conditions an action lies for procuring a third person to break his contract with the plaintiff. Lumley v. Gye, 2 El. & Bl. 216; Bowen v. Hall, 6 Q. B. Div. 333; Walker v. Cronin, 107 Mass. 555. Here was no contract of employment by the insurance company; such contract being reserved to abide the event of plaintiff's application for security. But the inference from the complaint is that, had the surety been furnished, the insurance company would have made a contract for the services of the plaintiff; and this fact, by the law of New York, is sufficient. Rice v. Manley, 66 N. Y. 82; Benton v. Pratt, 2 Wend. 385.

The conditions indispensable to the maintenance of the action are malice on the part of the defendant and special damage to the plaintiff. Cases supra. That the defendant maliciously procured the discharge of the plaintiff is an express averment of the complaint, but that the plaintiff has sustained damage by the wrongful act of the defendant is not apparent. The insurance company refused employment to the plaintiff because he did not give the bond, and the guarantee company did not furnish the bond because of defendant's de-

famatory statements. Hence, between the wrong of the defendant and the damage to the plaintiff the voluntary act of a third party intervened; and that act was the proximate cause of plaintiff's loss of employment. The insurance company did not discharge plaintiff because of defendant's slander—non liquet that the company knew of the slander—but because of the failure of the guarantee company to supply the security. In Vicars v. Wilcocks, 8 East, 1, employment was refused plaintiff not merely because of defendant's defamation, but also because of plaintiff's discharge by his master; and, while the former cause may have been sufficiently proximate (Lynch v. Knight, 9 H. L. Cas. 577), by all authorities the defendant was not responsible for the consequence of the intervening act of the master. 2 Smith, Lead. Cas. (7th Am. Ed.) note, p. 485.

Assuming, however, a sufficient connection between defendant's statement to the guarantee company, and plaintiff's discharge by the insurance company, it is not legally apparent that the statement was such as to justify the guarantee company in declining to give the security. Beyond doubt, if the statement by defendant did not impute to plaintiff an untrustworthy character, defendant is not responsible for the arbitrary or unreasonable refusal of the guarantee company. But we have only the plaintiff's conclusion that the statement was defamatory, and such conclusion is not admitted by the demurrer. Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522. He should have pleaded the words spoken by the defendant, in order that the court might determine whether the refusal of the bond by the guarantee company was its own caprice or the legitimate effect of defendant's statement. Wildee v. McKee, 111 Pa. St. 335, 2 Atl. 108, cited by plaintiff to the contrary, is an authority rather for the proposition, since there the identical words of defamation appear in the pleading.

In a significant circumstance the present case is distinguished from all others of a like character, namely, that the defendant did not volunteer his opinion of the plaintiff to the guarantee company, but was authorized, and indeed invited, by the plaintiff to communicate the opinion. If the allegation of malice takes away from the communication the privilege that otherwise would attach to it, still it is a novel and interesting question whether the plaintiff may found an action on a statement which, but for his request, would never have been made. The complaint is insufficient in substance, and is not re-enforced by the allegation of conspiracy. Hutchins v. Hutchins, 7 Hill, 104.

Demurrer sustained.