## J. SHAPIRO v. A. MICHELSON.

Decided November 16, 1898.

**1. Battery—Assault—Pleading in Civil Action.**

Though under an indictment for battery a conviction may be had on proof of assault merely, a civil action for damages is not governed by the same rules as to pleading, and recovery can not be had for assault, upon a petition charging battery and not alleging facts constituting an assault.

**2. Same.**

The use of the expression "assaulted" is a mere conclusion of the pleader and insufficient to be taken as an allegation of the facts constituting an assault.

**3. Battery—Exemplary Damages—Provocation.**

Where an action for battery seeks recovery of exemplary as well as actual damages, proof that the defendant had, just before the assault, been informed of an insulting message sent by plaintiff to his wife was admissible.

ERROR from Travis. Tried below before Hon. R. E. BROOKS.

*John Dowell,* for appellant.

*Fiset & Miller,* for appellee.

FISHER, CHIEF JUSTICE. — This is an action by Shapiro against Michelson for damages arising from an alleged assault and battery by the defendant in error upon Shapiro. In the trial below judgment and verdict resulted in favor of defendant Michelson.

Plaintiff's petition states his cause of action as follows: "That on the 26th day of December, 1896, the said defendant wantonly, willfully, and maliciously and intentionally, to debase, injure, ill-treat, stigmatize, and damage petitioner in the community in his character, and to injure him in his business and standing as a man, and to inflict upon him disgrace and contempt, and also to inflict upon him serious bodily harm and gross injustice and oppression, came into the store of petitioner, on Sixth Street, in the city of Austin, in said county and State, and, without any cause or provocation therefor, publicly assaulted and struck this plaintiff on the side of his face and on his body some four or five times with his hands and fists, and spit in the face of petitioner, and called him a damned son of a bitch several times in a loud voice, in the presence and hearing of other people; and when remonstrated with by plaintiff not to treat him so, said in a loud and contemptuous voice to plaintiff, 'Oh! I can pay a ten dollar fine.' "

As the result of the alleged assault, the petition avers plaintiff sustained physical and mental suffering, and asks a recovery for actual damages in the sum of $5000 and exemplary in the sum of $10,000.

The court in charging the jury submitted the case to them only upon the theory that they could find for plaintiff in the event that a battery was committed upon him, as charged in the petition, and refused to give at the request of the plaintiff the following charge:

"An assault and battery includes an assault, and if you believe from the evidence that the defendant assaulted the plaintiff, then you will find for the plaintiff. The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. Any attempt to commit a battery or threatening gesture, showing in itself or by words accompanying it an immediate intention, coupled with an ability to commit a battery, is

an assault. If the defendant was guilty of an assault or an assault and battery, then you will find for the plaintiff."

The refusal of the court to give this charge presents in the main the errors that are relied on for reversal. If the issue presented by this requested charge had been raised by the pleading, there is evidence in the record which would have authorized the court to submit this question to the jury. And in this connection we find the evidence authorized the verdict of the jury and that it can be supported on the ground that the evidence justifies a finding to the effect that a battery was not committed upon the plaintiff by the defendant, as alleged.

Evidently the reason why the court below refused to submit to the jury the question whether the defendant was guilty of an assault, unaccompanied with a battery, is because there is no pleading raising that issue, other than so far as an assault may be included within a battery, or in so far as the expression "assaulted," as stated in the pleading, presents that issue. It is true that under an indictment charging one with the commission of a battery a conviction may be had for an assault; but the rules of pleading that govern in criminal prosecutions can not apply in a civil action. The statutes of this State, together with the numerous decisions that have construed them, require the plaintiff in stating his cause of action to state the facts showing he is entitled to recover. Now, independent of the allegations alleging the battery, there is no averment in the petition charging facts which constitute in law an assault upon the plaintiff. The use of the expression "assaulted" is not the averment of a fact, but is simply a statement which expresses the conclusion of the pleader; and, as said in Stivers v. Baker, 87 Kentucky, 508, where that court had before it for construction averments similar to those in the petition in this case: "The term assault has a legal meaning, as much as the word trespass. The petition in this instance does not state what the party did upon which the appellant bases his charge of assault; but merely avers that he was unlawfully assaulted. Whether the acts of a party authorize the legal conclusion that he has committed an assault is to be determined by the court, and it can not do so unless they are stated. As well might it be said that a petition for trespass is sufficient, although it merely avers that the defendant trespassed upon the plaintiff's premises."

The allegations of fact as stated in the petition, to which alone the court may look in determining whether a cause of action is alleged, present in this case only the issue whether or not a battery was committed upon the plaintiff, and the court having clearly and fairly submitted that issue to the jury, presented for their determination all that they were entitled to consider. While it is true an assault may be included within a battery, still, if the plaintiff desires solely to recover upon a state of facts which show that only an assault had been committed, the pleadings should be shaped to this end, and the petition, by a proper count, present that issue.

The court admitted the evidence of the defendant and his son to the effect that the plaintiff had sent an insulting message to the wife of the defendant. A short time before the assault the defendant was informed of this message by his wife, and upon his meeting with the plaintiff the alleged altercation occurred. Under the issue of exemplary damages raised by the petition, this was clearly admissible.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*