STAFFORD HENDRIX, Appellant, *v.* MANHATTAN BEACH DEVELOPMENT COMPANY and CHAUNCEY MARSHALL, JR., Respondents.

First Department, December 31, 1917.

False imprisonment — assault — malicious prosecution — complaint stating action for false imprisonment only — arrest without warrant — delay in taking person arrested before magistrate.

Action to recover damages for alleged assault, false imprisonment and malicious prosecution. The plaintiff was employed by the defendants to sell tickets at a bathing pavilion and, it is alleged, was arrested by the defendants without legal process, or probable cause, and maliciously imprisoned and assaulted, etc., and was brought before the magistrate upon the false charge of selling tickets bearing a date which rendered them worthless, etc. Complaint examined, and *held,* insufficient to charge the defendants with liability for assault.

A mere charge that the defendants assaulted the plaintiff is a mere conclusion and not a statement of facts sufficient to authorize a recovery for assault.

*Held further,* that the complaint did not allege facts necessary to sustain an action for malicious prosecution in that it does not appear that the legal prosecution terminated favorably to the plaintiff.

Where the plaintiff alleged that he was held by the magistrate and found guilty by the Court of Special Sessions it will be inferred that he received a suspended sentence. The plaintiff must allege what is tantamount to the termination of the criminal prosecution favorably to him.

*Held further,* that the complaint contained allegations sufficient to sustain the action as one for false arrest and imprisonment in that plaintiff was arrested for a misdemeanor without legal process, in which case the arrest could only be justified if the crime were committed in the defendants' presence. The burden of showing the latter fact is upon the defendants.

Even if the arrest of the plaintiff were lawful it cannot be held as a matter of law that there was no unnecessary delay in taking him before a magistrate, or delivering him to a peace officer, as required by section 185 of the Code of Criminal Procedure. Such unnecessary delay makes the arrest unlawful regardless of whether or not the plaintiff was guilty of crime.

APPEAL by the plaintiff, Stafford Hendrix, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 15th day of March, 1917, dismissing the amended complaint on the pleadings, and also from an order entered in said clerk's office on the same day granting defendants' motion for judgment on the pleadings, consisting of the amended complaint and a demurrer thereto.

The judgment appealed from was entered pursuant to the said order.

*William F. Unger* of counsel [*Goldman, Heide & Unger,* attorneys], for the appellant.

*Arthur E. Goddard* of counsel [*Cullen & Dykman,* attorneys], for the respondents.

LAUGHLIN, J.:

The provisions of the Code of Civil Procedure which require that the complaint shall contain a plain and concise statement of the facts constituting each cause of action without unnecessary repetition, and that where the complaint sets forth two or more causes of action the statement of the facts constituting each must be separately stated and numbered (Code Civ. Proc. §§ 481, 483), seem to have been disregarded in drafting the complaint. It contains two counts to recover the same amount of damages, and in each the same facts are

alleged and no others, with the exception that in the second count it is alleged that the bath ticket (which it is alleged in both counts defendants, in an information filed in the Magistrate's Court upon which plaintiff was held for the Court of Special Sessions and subsequently tried, charged plaintiff, as its agent to sell bath tickets, with having sold on a day after the date for using it had expired and when it was valueless and worthless, owing to the fact that it had been previously sold by defendants and was no longer owned by them) was never thereafter used by any one. So far as appears by the allegations in either count, the plaintiff was neither arrested nor held nor tried on the charge, or upon any issue involving the charge, that the ticket so sold was used by any one. Therefore, this allegation in the second count added nothing of materiality to the allegations of the first count, and both counts are in legal effect the same.

The defendants demurred jointly, not to the counts separately, but to the entire amended complaint, on the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.

The complaint is most indefinite, but it is claimed and may be gleaned therefrom that the pleader intended to charge causes of action for false arrest and imprisonment and for assault and for malicious prosecution. As the case is presented, however, we are concerned only with the question as to whether the plaintiff has alleged any cause of action.

It is alleged that the defendant company was a domestic corporation engaged in operating a bathing pavilion at Brighton Beach, in the borough of Brooklyn, New York; that it employed plaintiff to sell tickets which entitled the holder to a bath; that by a printed notice on the tickets they were good only for the day on which they were purchased; that on the evening of the 8th of September, 1912, defendants without any warrant or legal process wrongfully, unlawfully and without reasonable or proable cause, maliciously imprisoned the plaintiff in a pen or cage at or near the bathing pavilion for about two hours, and abused, insulted, humiliated and assaulted him while he was so imprisoned; that at the expiration of said imprisonment, defendants without any warrant

or legal process, forced plaintiff against his will into an automobile owned by defendant Marshall and carried him as a prisoner through the public streets to the Sheepshead Bay police station, and there publicly and unlawfully assaulted and searched him and publicly humiliated and disgraced him, and without warrant or legal process kept him as a prisoner in a cell in said police station over night without food; and the next morning, likewise without any warrant or legal process, continued his imprisonment by taking him through the public streets to the Magistrate's Court at Coney Island, without having down to that time filed any charge against him; that defendants then and there knowingly, wrongfully and maliciously caused a false charge to be made against the plaintiff, which was vitally defective and did not state the commission of any crime, and was, therefore, void and of no effect and conferred upon the Magistrate's Court no jurisdiction; that no testimony was taken before the Magistrate's Court, but the court, acting arbitrarily and without jurisdiction and wholly upon an invalid and defective information which defendants presented, held plaintiff to answer before the Court of Special Sessions; that in said information defendants charged the plaintiff with having sold to one of the patrons of the bath a ticket bearing the stamp " Good only on date purchased," which was an earlier date than that on which he sold it; that the information did not state a crime, for the reason that the ticket was worthless and of no effect and had ceased to be the property of the defendants; that plaintiff was innocent of the charge and had not committed any of the acts charged, as defendants well knew; that thereafter, at the instigation of the defendants, plaintiff was brought up for trial before the Court of Special Sessions; that the information which was presented to the Court of Special Sessions differed in " certain essential respects from the information which had been presented to the Magistrate " and " stated a different charge than that upon which the plaintiff was held for the Court of Special Sessions and was itself invalid; " that as a result of the trial before the Court of Special Sessions " an invalid finding of guilty was entered against the plaintiff, and plaintiff was remanded and imprisoned without valid warrant or legal process and held without bail for six days,

and then discharged without judgment;" that as no judgment was entered against the plaintiff it was impossible for him to appeal and that he is without remedy except by this action; that in all of the matters alleged defendants "acted maliciously and wilfully and without reasonable or probable cause, well knowing that the plaintiff was not guilty of any crime," and that the ticket which defendants charge the plaintiff with having sold "was valueless and worthless and had previously been sold by them and was no longer owned by them;" that by reason of these acts of the defendants the plaintiff was injured in his good name and credit and suffered in body and mind by reason of the disgrace attendant thereon, and was subjected to expenses and disbursements and counsel fees aggregating $6,800, and has sustained damages in the premises in the sum of $25,000.

These allegations constitute an insufficient statement of facts, if it was intended to charge the defendants with liability for an assault made upon the plaintiff after he was arrested and imprisoned at the bathing house, or while in the automobile, or in the police station, or on the way from the station to the Magistrate's Court. The mere charge that the defendants assaulted the plaintiff is a conclusion and not a statement of facts sufficient to authorize a recovery for an actionable assault within the provisions of section 481 of the Code of Civil Procedure, which require a plain and concise statement of the facts constituting the cause of action. (*Shapiro* v. *Michelson,* 19 Tex. Civ. App. 615; 47 S. W. Rep. 746; *Connelly* v. *American Bonding & Trust Co.,* 113 Ky. 903; 69 S. W. Rep. 959; *Stivers* v. *Baker,* 87 Ky. 508; 9 S. W. Rep. 491; 5 C. J. 650.)

If it was intended to allege an action for malicious prosecution the facts stated are insufficient, for it does not appear that the prosecution has terminated favorably to the plaintiff. It is alleged that he was held by the magistrate and found guilty by the Court of Special Sessions; and the fair inference from the facts alleged is that the sentence was suspended. The alleged want of jurisdiction of the magistrate and court which tried the plaintiff, and insufficiency of the informations, are conclusions without the allegation of the requisite facts to support them, as is also the allegation that the information

on which he was tried was not the same in effect as the one on which he was held. The plaintiff must allege what is tantamount to termination of the criminal prosecution favorably to him. (*Robbins* v. *Robbins*, 133 N. Y. 597; *Crescent Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141; *Halberstadt* v. *New York Life Ins. Co.*, 194 N. Y. 1; *Reit* v. *Meyer*, 160 App. Div. 752.) The case of *People* v. *Fabian* (192 N. Y. 443), relied on by plaintiff in support of his contention that a finding of guilty without a judgment passing sentence is not a conviction within .the contemplation of the constitutional provisions, is not in point, for it does not hold that a verdict or finding of guilt is a termination of the prosecution in favor of the accused. Counsel for the plaintiff contends that a sufficient cause of action for malicious prosecution is alleged and he cites in support of his contention *Johnson* v. *Girdwood* (7 Misc. Rep. 651; affd. on opinion of General Term of the Common Pleas, 143 N. Y. 660); *Mesnier* v. *Denike* (82 App. Div. 404); *Nicholson* v. *Sternberg* (61 id. 51); *Beall* v. *Dadirrian* (62 Misc. Rep. 125; affd. on opinion of Special Term, 133 App. Div. 943), and *Dennis* v. *Ryan* (65 N. Y. 385). In *Johnson* v. *Girdwood* (*supra*) it was held that a conviction alleged to have been brought about by duress and conspiracy on the part of the defendants does not bar an action for false arrest or malicious prosecution, and that the judgment of conviction, not being between the same parties, is open to impeachment on those grounds; and the other authorities cited tend to sustain that proposition. In *Cuniff* v. *Beecher* (84 Hun, 137) it was held that a conviction was a bar to an action either for false imprisonment or malicious prosecution unless it be shown that it was brought about through fraud or conspiracy participated in by the court as well as the defendants, but doubtless, in view of the decision in *Johnson* v. *Girdwood*, it would not be essential to warrant the impeachment of the conviction as a bar to such an action to show that the court participated in the fraud or conspiracy. In this complaint, however, there are no facts alleged to impeach the conviction of the plaintiff in the Court of Special Sessions. It is not alleged that the conviction was brought about by fraud or conspiracy on the part of the defendants or by false testimony given by them or in their behalf or at their instance.

The only remaining theory for sustaining the complaint is that a false arrest and imprisonment are sufficiently shown. It is not alleged what charge or that any charge was made against the plaintiff when he was first arrested and imprisoned. It is, however, alleged that the defendants caused the arrest and imprisonment of the plaintiff without warrant or other legal process, and that he was guilty of no crime and, in effect, that they detained him against his will for upwards of two hours without delivering him to a peace officer or taking him before a magistrate; and that they then took him to the police station and there caused him to be imprisoned over night without warrant or other legal process. I am of opinion that these allegations are sufficient to sustain the action as one for false arrest and imprisonment. On no theory could the crime, if committed by the plaintiff, be more than a misdemeanor, and arrest therefor by the defendants without a warrant could only be justified if the crime was committed in their presence. (Code Crim. Proc. § 183.) That is not to be inferred from the allegations of the complaint; and the burden would be on the defendants to show it (*Adams* v. *Schwartz*, 137 App. Div. 230; *Cousins* v. *Swords*, 14 id. 338; affd., 162 N. Y. 625; *Ackroyd* v. *Ackroyd*, 3 Daly, 38; *Shaw* v. *Jayne*, 4 How. Pr. 119), but even if the arrest of the plaintiff was lawful, it cannot be said as matter of law that there was no unnecessary delay in taking him before a magistrate or delivering him to a peace officer, as required by section 185 of the Code of Criminal Procedure. If there was such unnecessary delay, then the arrest itself became unlawful on the theory that the defendants were trespassers *ab initio* and so continued down to the time when the plaintiff was lawfully held under a warrant of commitment, regardless of whether or not the plaintiff was guilty of any crime. (*Pastor* v. *Regan*, 9 Misc. Rep. 547; *Snead* v. *Bonnoil*, 49 App. Div. 330; affd., 166 N. Y. 325; *Tobin* v. *Bell*, 73 App. Div. 41; *Davis* v. *Carroll*, 172 id. 729. See, also, *Davern* v. *Drew*, 153 App. Div. 844; affd., *sub nom. Davern* v. *Breen*, 214 N. Y. 681.) We are of opinion, therefore, that without regard to whether or not the plaintiff was found guilty on the charge on which he was arrested, a sufficient cause of action for false arrest and imprisonment is shown.

It follows that the judgment and order should be reversed with costs, and motion for judgment on the pleadings denied, with ten dollars costs, but with leave to defendants to withdraw the demurrer and move or plead over on payment of the costs of the appeal and motion.

Clarke, P. J., Dowling and Page, JJ., concurred; Smith, J., concurred in result.

Judgment reversed, with costs, and motion denied, with ten dollars costs, with leave to defendants to move or plead over as stated in opinion.