## Logan et al. v. Bradford et al.

Feb. 29, 1944.

Robert Hubbard for appellants.

A. H. Barker for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

A reference to Bradford v. Union Trust Co., 242 Ky. 709, 47 S.W. (2d) 536, shows that the Trust Company became the owner of a note executed to Bradford in a Florida land deal, upon which it recovered judgment for unpaid balance in the Jefferson circuit court. We affirmed the judgment. Thereafter the bank went into liquidation and in the process appellants purchased the judgment. Execution had theretofore been issued to Jefferson County with a "no property" return.

In December 1937 appellants filed suit on the judgment in the Pendleton court, making a Falmouth bank defendant, and asking for an order of general attachment, and garnishment as against the bank in whose employment Bradford was at the time. The attachment was returned "no property found," and there was no response by garnishee. At a later date the following order was entered: "Motion of defendant, the above styled action is ordered to be filed away with leave to redocket." The matter thus rested until September 1943, when this order was entered: "Comes plaintiff in vacation on August 26, 1943, and files amended and substituted petition in the above styled action. Same is noted of record." This pleading reiterated, perhaps, more fully the facts leading up to appellants' acquisition of the note, and steps taken by them in seeking to recover.

This pleading, in the nature of a bill of discovery, sought to challenge the validity of certain transactions whereunder it was claimed Mr. Bradford had purchased considerable real estate and for the purpose of defeating creditors had title placed in others. It was charged that he had transferred intangible property without consideration with like intention, and that the real estate, farm property and town lots which were in reality his properties had at his direction been conveyed to others without consideration; that he had listed his personal tangible property in the name of his brother-in-law. The conveyances mentioned, in some instances had been made to his sister, others to his wife, his mother-in-law and certain interests to others, all charged to have been for the purpose above indicated.

There were numerous defendants, the bank and those to whom conveyances had been made; those, whom it is charged, were holding title to his personal properties. Summons issued against the named defendants were returned executed upon all save, perhaps two. In September and during the term of court to which defendants had been summoned, they appearing for that purpose only, moved the court to quash the summons and returns, for the reason that "this pleading is marked 'Amended and substituted petition in equity,' and the original action which plaintiffs undertake to amend or substitute a petition therefor was dismissed by an order of court more than three years ago."

In an affidavit filed on this motion and not elsewhere, it was suggested that the action was dismissed (on defendant's motion) because of want of prosecution, though it would appear that delay was by reason of failure of defendants to demur or answer. However, this is immaterial, as we view the case, though appellants, with some substantial reason, contend that the action being in the nature of a bill of discovery, could not be dismissed under the circumstances, except upon motion of plaintiffs. Smith v. Meisenheimer, Ky., 49 S. W. 968.

During the same term appellants moved to redocket the case as of the date of the filing of the substituted petition. The court, apparently on the ground that the original action had been filed away with leave to redocket, and defendants had no "notice of redocketing," sustained the motion to quash and overruled appellants' motion to redocket. Appellants excepted to both rulings; were granted appeal and filed the record in this court. It is stipulated that neither of the appellants nor their counsel had notice of the motion to file away. Appellants later conceiving and admitting in brief that there was serious question as to their right of appeal from the order above referred to, at the following term had an order entered dismissing the pleading; from this order the second appeal is taken and brings before the court the question as to the propriety of the order of dismissal. While the second transcript filed does not show a specific order to the effect, certain other orders and proceedings therein manifest that the action has been redocketed and the cause continued because of the pendency of the appeal in this court.

The only question is the propriety of the court's ruling on the motion to quash the summons, and the consequent denial of the redocketing of the action. We conceive, as the parties do, that the only effect of the ruling was to release from the jurisdiction of the court two non-residents who had been actually summoned upon the substituted petition.

As we read the pleading, it appears to be an undertaking to set up a complete and independent cause of action from that in the original petition, and upon which summons had been issued and duly executed.

The rule is that the court looks to the substance of a pleading rather than to its form. Stivers v. Baker, 87 Ky. 508, 9 S, W. 491. Neither the caption nor the form is of controlling influence in determining its purpose or character, if it conform to the requirements of Sec. 110 of the Civil Code of Practice. The substance being paramount, when we look to the pleading in question it is readily determinable that it was in nowise a curative document; the plaintiffs did not undertake to reiterate the allegations of the original petition. It set up a distinct cause of action against the original defendant and numerous other defendants, all of whom were duly summoned with the exceptions noted. To all intents and purposes the pleading was nothing more than a substitution for the original pleading, regardless of the fact that the caption carried the word ''amendment.''

There is no necessity of discussing the court's ruling on a later amendment filed which undertook to make the bank's liquidating officer party defendant. The second transcript filed shows that he was joined as a party plaintiff, and we observe that no relief is sought as against that officer. After a survey of both records we are clearly of the opinion that in the exercise of discretion the court should have redocketed the substituted pleading as of the date of its filing, and consequently was in error in quashing the summons issued thereon and the returns. These orders should be set aside, and an order entered redocketing the case as of the filing date.

Judgment reversed, with directions for proceedings in conformity with this opinion.