Opinion of the Court,
by Ch. J. Boyle.
THIS was an action brought bva Hndley’s executors, t'ie name of the Governor, against Mark Hardin, as one the securities of the sergeant of the court of appeals, upon his official bond.
The breach alleged in the condition of the bond, is, at Handley, in his lifetime, on the 4th of March, 1836, in virtue of a replevy bond, sued out of the office of the clerk of the court of appeals, a writ of fieri fac^as against the estate of William Chambers and John Young, for the sum of $89 32 debt, with interest thereon from the 30th of August, 1815, until paid, and $1 22 cos*;s returnable to the first Monday, in May thereafter, and directed to the sergeant of the court of appeals, writ of execution was delivered to Nimrod Long, a deputy of the defendant, and was delivered to anc^ collected by Thomas Bryant, another deputy of the defendant, and they have both failed and reftlsed to pay the proceeds to the testator, Handley, in his lifetime, or executors since his death, although often requested by both, whereby an action hath accrued, &c.
Judgment was taken against Hardin by default, to w|ljch he prosecutes his writ of error.
The breach alleged in the condition of the bond, is dearlv insufficient to maintain the action. The execution is alleged to have been directed to the sergeant of the court of appeals; but it is not alleged to have been delivered to him or his deputies. The allegation is, that it was delivered to the deputy of the defendant, and Hardin was the only defendant, and though he might be accountable for his deputy’s conduct, he could not be so in an action against him as surety of the sergeant of the court of appeals, upon the official bond of the lat *337 ter. This allegation was, no doubt, made by mistake; but it is difficult to perceive any principle which would justify the court in sustaining the action, because the plaintiff had, by mistake, made an averment of /one thing which is insufficient to show a cause of action, instead of an averment of something else, which would have shown a cause of action.
But waiving this objection, and supposing the allegation to be, that the execution was delivered" to and collected by the deputies of the sergeant of the court of appeals; still, the breach assigned in the condition of the bond, would not, we apprehend, he sufficient to maintain the action; for the breach is only alleged in the failure of the deputies to pay the money collected on the execution, without alleging any failure todo so by the principal sergeant, and unless the failure of the principal as well as Ins deputies, liad been alleged, no cause of action could he shown to have accrued; for although the deputies of the sergant had not paid over the money, yet if he himself liad clone so, as it was his .duty to do, on the failure of his deputies, there would have been no breach of the condition of the bond, andj of course, no cause of action.
There is error, therefore, in the judgment, inasmuch as the declaration is insufficient, and the judgment must, consequently, be reversed with costs, and the cause be remanded, that new proceedings may be had, commencing at the declaration. . '