CASE 109—ACTION BY ROBERT CONNELLY ON BOND OF POLICEMAN FOR
    WRONGFUL ARREST, &C.—OCTOBER 10.

# Connelly v. American Bonding & Trust Co.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

POLICEMAN'S OFFICIAL BOND—ACTION BY INDIVIDUAL—UNLAWFUL AR-
    REST—ASSAULTING AND BEATING—PLEADING.

Held:  1. Kentucky Statutes, section 3751, provides that "the obli-
    gation required for the discharge . . . of any public office
    . . . shall be a covenant to the Commonwealth of Kentucky."
    Section 3752 provides that actions may be brought on any
    such bond in the name of the Commonwealth for the benefit
    of any person injured by a breach of the condition. An ordi-
    nance of the city of Newport under authority given by
    Kentucky Statutes, section 3141, provided that each policeman
    should give a bond "to the city of Newport" for the faithful
    discharge of his duties. HELD, that a bond so given "to the
    city of Newport" was controlled by the statute, and that the
    informality of not naming the Commonwealth of Kentucky as
    the obligee of the bond would not prevent recovery thereon by
    an individual injured by the policeman's breach of official duty.
2. An official bond that a certain policeman should "well and truly
    perform each and all the duties of said office . . . required
    of him by law" is broad enough to cover an unlawful arrest.
3. It is also broad enough to cover unnecessary and illegal puni-
    ishment by the officer.
4. The "authority of law" for an arrest made by a policeman with-
    out warrant or judicial order, and the "wrongfulness" thereof,
    are legal conclusions dependent on the circumstances, and hence
    allegations merely stating that such an arrest was made "with-
    out authority of law" and "wrongfully" fail to state a cause of
    action.

Connelly v. American Bonding & Trust Co.

5. No warrant or judicial order can justify an assaulting or beating, and it is unnecessary to allege in a petition that an assaulting and beating by a policeman, for which damages are sought, was without such warrant or order.

6. The mere averment, in a petition based on an alleged breach of a policeman's official bond, that he had, in making an arrest, "wrongfully, cruelly, and severely assaulted, beat, and bruised the plaintiff," is not sufficiently specific to state a cause of action.

H. H. DEPUTY & LUCIUS DESHA, FOR APPELLANT.

Policemen of cities of the second class are required to execute a bond to the city "that he will well and truly perform all the duties of said office of member of the police department, that are now or may from time to time be required of him by law."

Appellant sued to recover damages for breach of the bond of policeman Stapleton. Appellee filed a general demurrer to the petition which was sustained by the court and appellant declining to plead further his petition as against the appellee, surety on the bond, was dismissed and he appeals.

We contend that the words "unto the city of Newport," are a matter of form only, and that the *terms* of the bond are, that the said Joseph L. Stapleton shall well and truly perform each and all the duties of said office of member of the police department, which are in substance the same as a sheriff's bond, and therefore the appellee is bound to answer for the injuries caused by the wrongful acts of its principal while acting as policeman. Johnson v. Williams' Admr., 23 R., 658; Jamison v. Gavenett, 10 Bush, 222; Kentucky Statutes, secs. 3138, 3141, 3751, 3752.

C. J. & W. W. HELM, FOR APPELLEE

Our contention is that there is no law in the way of a statute or an ordinance, which provides that such bond as is sued on here shall inure to the benefit of a stranger to it, and appellant does not claim that there is.

Appellant's contention is, that there is a defect in the form of the bond, and that it should have been executed to the Commonwealth instead of the city.

But there is no allegation of a mistake or a prayer for reforming the bond.

The bond in question is in the form prescribed by the city ordinance, and is authorized by law, and in the absence of statutory provision to the contrary, it will be at variance with all law, governing the obligation of sureties, to hold that this bond inured to the benefit of the plaintiff in this case. Pollock

v. City of Louisville, 13 Bush, 221; Jolly, Admr. v. City of
Hawesville, 89 Ky., 279; Bean v. City Middlesboro, 22 R., 415;
Kentucky Statutes, secs. 3141, 3751; City Ordinance Newport
approved May 17, 1894.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant brought this suit against John T. Stapleton, a
policeman of the city of Newport, and his surety, the Amer-
ican Bonding & Trust Company of Baltimore City, Md.
The action is upon a bond executed by the policeman, which
was as follows: "Whereas, pursuant to the charter for
cities of the second class, entitled 'An act for the govern-
ment of cities of the second class in the Commonwealth of
Kentucky,' approved March 19th, 1894, John Stapleton was,
on the 3d day of May, 1901, duly appointed to fill the position
and office of member of the police department of the city of
Newport. Ky., for the term ending 3d day of May, 1902,
unless sooner removed by the police and fire commission-
ers of said city: Now, therefore, we, the said John Staple-
ton and the American Bonding & Trust Company of Bal-
timore City, his sureties, do hereby bind ourselves unto the
said city of Newport, Kentucky, in the sum of one thous-
and ($1,000) dollars, lawful money of the United States,
for payment of which we bind ourselves, our heirs, exe-
cutors, administrators and assigns, that the said John
Stapleton shall well and truly perform each and all the
duties of said office of member of the police department of
the city of Newport as are now and may from time to time
be required of him by law. And we further covenant that
we will pay any and all loss the said city may sustain by rea-
son of any breach of this bond, not, however, exceeding the
sum of one thousand ($1,000) dollars. In witness whereof we
have this 4th day of May, 1901, set our hands and seals
hereto." The breach is alleged to be this: That the prin-

cipal, Stapleton, and another police officer of Newport, on
the 9th day of June, 1901, while acting as such policeman
in said city, "without warrant, judicial order, or other
authority of law, and against plaintiff's will, wrongfully
and forcibly arrested the plaintiff, and deprived him of his
liberty, to his great humiliation, disgrace and bodily and
mental pain and injury, to his damage in the sum of $500;"
also, that the said officers, "without warrant, judicial or-
der, or other authority of law, wrongfully, cruelly and se-
verely assaulted, beat and bruised plaintiff, and thereby
caused plaintiff to suffer great physical and mental pain and
anguish, to plaintiff's damage in the sum of $500;"·also, that
said officers, "without warrant, judicial order, or other au-
thority of law, wrongfully and forcibly compelled plaintiff to.
go with them through the public street of said city to the
police office of said city, and thence conveyed plaintiff to be
unlawfully confined in said jail from the hours of 12 o'clock
midnight until 9 o'clock next morning, to plaintiff's great hu-
miliation, disgrace," etc.   The bond above quoted was exe-
cuted under section 3141, Kentucky Statutes, as follows:
"Each member of the police force, before entering upon the
discharge of his duties, shall take an oath before the mayor
to well and truly discharge the duties of his office, which
oath shall be subscribed by the person taking it, and shall
be preserved on file in the office of the auditor.   Each police-
man shall give such bond as may be prescribed by ordinance,
with securities satisfactory to the police and fire commis-
sioners, for the faithful discharge of his duties.   No per-
son convicted of felony shall be eligible as a policeman."
Under this authority, the city of Newport passed the follow-
ing ordinance, approved May 17, 1894, to-wit:

"Be it ordained by the general council of the city of New-
port, Ky.

"Section 1. That each member of the police force of Newport, Ky., shall before beginning the discharge of his duty as such, give bond for the faithful discharge of his duties to the city of Newport, in the sum of one thousand dollars with good and approved sureties, satisfactory to the police and fire commissioners. Said bonds shall be taken by the police and fire commissioners of the city and all bonds shall be preserved as an official record.

"Section 2. This ordinance shall take effect and be in force from and after its passage and approval."

It is thought that this bond does not indemnify any person other than the city of Newport, because the undertaking is to the said city alone. We are, however, of the opinion that the bond is controlled by the following sections of Kentucky Statutes, and must be read in connection therewith, and that under the provisions of these sections the informality of not naming the Commonwealth of Kentucky as the obligee of the bond will not prevent•a recovery thereon by the person aggrieved. Said sections are as follows:

"Sec. 3751. The obligation required by law for the discharge or performance of any public or fiducial office, trust or employment, shall be a covenant to the Commonwealth of Kentucky, from the person and his sureties that the principal shall faithfully discharge the duties of the office, trust or employment; but a bond or obligation taken in any other form shall be binding on the parties thereto according to its terms.

"Sec. 3752. Actions may be brought from time to time on any such covenant or bond in the name of the Commonwealth, for her benefit, or for that of any county, corporation or person injured by a breach of the covenant or condition, at the proper costs of the party suing, against the parties jointly or severally, together with the personal rep-

resentative, heirs and devisees or distributees of such of them as may be dead; and the recovery against principal and surety shall not be limited by the amount of the penalty named in such bond. Nor shall the recovery be restricted only to such duties or responsibilities as belong to the office, post, trust or employment at the date of the covenant or bond, but may include any duties or responsibilities thereafter imposed by law or lawfully assumed."

The bond is broad enough to cover an unlawful arrest or unnecessary and illegal punishment by the officer. See cases collected and discussed in Johnson v. Williams' Adm'r, 111 Ky., 289 (23 R., 658) 63 S. W., 759, 54 L. R. A., 220.

The demurrer of the surety to the petition was sustained. The ground of the court's action is not stated, but, whatever it may have been, we are of opinion that the petition failed to state a cause of action. Every pleading must be construed most strongly against the pleader. Applying this rule to the petition in hand, we find that it is averred that the policeman complained of arrested the complainant "without warrant or judicial order." Of course, it is recognized by the pleader that, if the officer had a warrant or judicial order, the judicial officer being present at the time and place when he could legally have made such an order, that such warrant or order would have justified the arrest. however erroneous or unfounded may have been its basis. But the pleader continues, and says that the arrest was without "other authority of law," and was "wrongful," and against plaintiff's will, and by force. The statements that the arrest was without "other authority of law," and was done "wrongfully," are but conclusions of the pleader. They do not state any fact upon which such an issue might be joined. It might be, for all these allegations contained, that the plaintiff had committed an offense—either a mis-

Connelly v. American Bonding & Trust Co.

demeanor or a felony—in the presence of the officer, in which event he would have been legally justified in arresting him without either a warrant or judicial order, and that in plaintiff's opinion such an act would have been wrongful, and without authority of law. This comment will also apply to the allegations that the officers, "without warrant, judicial order, or other authority of law, wrongfully and forcibly compelled plaintiff to go with him through the public street of said city," etc. The next averment of the petition is that said officer "wrongfully, cruelly and severely assaulted, beat, and bruised the plaintiff." It is immaterial that the pleader charged that this assaulting and beating was without warrant or judicial order, because no warrant or judicial order could justify an assaulting or beating of another. But there may be instances in which a peace officer may lawfully assault and severely beat and bruise another. As, for example, if he lawfully arrests such person, and the prisoner resists, and attacks the officer and puts the officer in danger of bodily harm, the officer is not bound to retreat, or to make his escape, or to take any means for his self-defense that would be incompatible with his duty to safely keep the prisoner. So he may in such case at once use force against force, using no more than is necessary; and although, in doing so, he might severely assault and beat and bruise the prisoner, and though such an assault might be cruel—that is, heartless and unfeeling—yet it would not be illegal. Or, if the prisoner had committed a felony, and had been arrested, and was attempting to escape, and the officer could not prevent it otherwise than by severely assaulting, beating or bruising the prisoner, he would have the legal right to do so. The facts attending the arrest of appellant are not shown, nor is the charge upon which he was arrested stated. We certainly

are not at liberty to presume anything in aid of his state-ment of a cause of action. As to the officer the rule is dif-ferent. In Throop, Pub. Off., section 558, it is stated: "The presumption is always in favor of the correct performance of his duty by an officer, and every reasonable intendment will be made in support of such presumption. So it will always be presumed that in any official act, or act purport-ing to be official, the officer has not exceeded his authority; and, if he had power to act only in a certain contingency, that the contingency has happened, where there is no evi-dence on either side with respect thereto." Judge Folger, in Mandeville v. Reynolds, 68 N. Y., 528, said: "The pre-sumption is that no official person, acting under oath of office, will do aught which it is against his official duty to do, or will omit to do aught which his official duty requires should be done." In Smyth v. Munroe, 84 N. Y., 354, it was said: "It is always to be presumed that a public officer has acted with ordinary caution and in good faith." Terry v. Bleight, 3 T. B. Mon., 272, 16 Am. Dec., 101. This pre-sumption is one of law that necessarily continues until it is overcome by proof to the contrary, and, as proof is but to sustain the averment, it is necessary that the pleading charging the breach should state such facts as will over-come such presumption. In 15 Ency. Pl. & Prac., 139, under title "Official Bonds," the rule as to pleading is fair-ly stated thus: "The assignments of breaches should be conclusive, or, in other words, they should exclude every other conclusion than that of a breach of the bond." The case of Hardin v. Governor, 5 Litt., 336, was an action against the sureties of the sergeant of the court of appeals upon his official bond. The breach alleged in the condition of the bond was that certain deputies of the sergeant had collected certain money under a writ of execution delivered

to them and directed to the sergeant, and had failed to pay it over to the execution plaintiff.  The allegation was held to be demurrable because it did not show that the principal, the sergeant, had not himself paid over to the demandant the sum so collected.  In the absence of averments to the contrary, the court must presume that the officer in making the arrest complained of arrested appellant either for an offense committed in the presence of the officer, or arrested him under a charge of felony.  As these are not negatived in the petition, and as, under certain contingencies, though rare, an officer is justified in using force against a prisoner, and as the averments of the petition do not negative such an instance in this case, the law presumes, and the court, therefore, must conclude, in the absence of such a contrary averment, that the officer did what he did at a time and under circumstances which legally justified his conduct. To hold otherwise would be to withdraw from the officer the legal presumption with which the courts have always accompanied his official acts.

The petition having failed to state a cause of action, the judgment is affirmed.