CASE 64.—ACTION BY EMMA MEYERS AGAINST THOMAS DUNN FOR UNLAWFUL ARREST AND ASSAULT AND BATTERY.—October 2.

# Myers v. Dunn

Appeal from Kenton Circuit Court.

M. L HARBESON, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Arrest—Without Warrant—Offenses Committed in Presence of Officer.—One using abusive language toward a constable and interfering with the performance of his duties commits in the presence of the constable offenses authorizing the constable to arrest without warrant.

2. Same—Custody of Prisoner.—It is not illegal for a constable, arresting one without a warrant and taking him before a magistrate, to place him in the custody of the magistrate pending the disposition of the case, either by immediate trial or the fixing of a date therefor.

3. Same.—Where a prisoner, arrested without warrant, is placed by the officer in the custody of the magistrate until he can dispose of the case, either by trial or the fixing of a date therefor, and attempts to leave the office of the magistrate, he may use reasonable means to prevent her leaving his custody.

4. Appeal—Verdict—Conclusiveness.—A verdict on conflicting evidence is conclusive on appeal.

5. Arrest—Disposition of Prisoner—Statutes—Construction.—The word "forthwith," in Cr. Code Prac., sections 48, 50, requiring a magistrate before whom one is charged with an offense to proceed "forthwith" to an examination or trial, means reasonable time, determined by the facts of the case, and a prisoner brought before a magistrate and detained about an hour is not unreasonably restrained, where during that time she refused to submit to the magistrate's custody and by her conduct contributed to the delay by obstructing him in taking proper action.

HELM WOODWARD and B. F. GRAZIANI, attorneys for appellant.

## AUTHORITIES CITED.

First—Incompetent testimony.  Sections 1088, 1627, Ky. Stats.; section 715, Civil Code; Mt. Sterling National Bank v. Brown, 19 Ky. Law Rep., 1416; Commonwealth v. Mills, 14 Ky. Law Rep., 107; Cole v. Hanks, 19 Ky. Law Rep. (3 T. B. Mon.), 208; Stromberg v. Earick, 45 Ky. (6 B. Mon.), 578; Patton v. Kennedy, 8 Ky. (1 A. K. Marsh.), 289; France v. Frazier, 30 Ky. (7 J. J. Marsh.), 425.

Second—Instruction "E."  Criminal Code, sections 48, 50, 323, 324; Revill, etc., v. Pettitt, 60 Ky. (32d), 314.

Third—Instruction "F."  Crosby v. Bradley, 11 Ky. Law Rep., 954; Rapdale v. Ezell, 20 Ky. Law Rep., 1567; More v. Young, 20 Ky. Law Rep., 1932; Ryan v. Quinn, 24 Ky. Law Rep., 1513; Crabtree v. Dawson, 26 Ky. Law Rep., 1046; Doerhoefer v. Shewmaker, 29 Ky. Law Rep., 1193; Crocker v. Haley, 29 Ky. Law Rep., 174.

Fourth—Instructions one and two.  L. & N. Ry. Co.  v.Banks, 19 Ky. Law Rep., 1065; Moran v. Higgins, 19 Ky. Law Rep., 456; Coppage v. Griffith, 19 Ky. Law Rep., 456; M. & O. R. R. Co. v. Reeves, 25 Ky. Law Rep., 2236; Mitchell-Tranter Co. v. Ehmett, 23 Ky. Law Rep., 1783; Bowling Green Stone Co. v. Capshaw, 23 Ky. Law Rep., 945; Travelers Ins. Co. v. Higgins, 19 Ky. Law Rep., 456.

WM. A. BYRNE, attorney for appellee.

## POINTS AND AUTHORITIES.

This honorable court will observe that appellee pleaded that he detained appellant only for such time as was required by him for the investigation and consideration of the grounds and facts of the complaint charged against appellant by the officer, McLaughlin, and the instructions in this respect are more favorable to appellant than to appellee inasmuch as they did not fix any time which would be considered by the jury as unreasonable or unlawful for appellee to detain appellant, but confine the jury in this respect to the time required by the magistrate for such an investigation or consideration of the charge against appellant. No single fact in the testimony is made prominent in the instructions and there can be no objection to their form.  They contain the whole law of the case with a statement of the facts, only which are necessary to be stated.

AUTHORITIES CITED.

Pepper v. Mayes, etc., 5 Ky. Law Rep., 708; Deckerman v. Northern Trust Co., 20 Sup. Ct. 311, 315, 176 U. S. 181, 44 L. Ed. 425; Blackinston v. Potts (Pa.), 2 Miles, 388; McLam v. Warren, 3 Pa. Dist. R., 585, 586; Witsie v. Holt, 95 Ind., 60; Booze v. Tate, 43 Ind., 60; Downing v. State, 49 Ind., 56; Diers v. Mallon, etc., 46 Neb., 121; Linnen v. Barefield, 114 Mich., 93.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant sued appellee in the court below for the unlawful arrest of and an assault and battery upon her person, alleged to have been illegally committed by appellee, for which she claimed $5,000 damages. Appellee answered, denying both the arrest and assault and battery, and alleging in substance that one W. P. McLaughlin, a constable of Kenton county, having arrested appellant for using in his presence and to him abusive and threatening language and interfering with him while acting as an officer in the performance of his duties, took her before appellee, a duly elected and acting justice of the peace in and for Kenton county, and temporarily left her in his custody for disposition of the charge against her; that before any disposition of her case had been or could be made, and before a bond was given by her or could be arranged for, she attempted to leave appellee's office and custody, whereupon appellee, to prevent her from doing so, gently interposed, using no violence, and no more force than was necessary for the purpose of detaining appellant until he could determine what disposition to make of the charge preferred against her. The affirmative matter of the answer was denied by reply, thereby completing the issues. The trial resulted in a verdict and judgment in favor of appellee, followed by a motion on appellant's part for a new trial, which was overruled.

It appears from the record that a furniture dealer caused to be issued and placed in the hands of McLaughlin, constable, an order of delivery for certain articles of furniture in the possession of Mrs. Randall, a daughter of appellant. When the constable appeared at appellant's home, where the furniture was stored, appellant and Mrs. Randall, both of whom were present, applied abusive and threatening language to the officer, attempted to prevent him from executing the process in his hands, and would not permit him to remove the furniture. Whereupon he arrested both of them for their use of the abusive and threatening language and for interfering with the performance of his official duties, and immediately carried them to appellee, that the latter as a justice of the peace might try or otherwise dispose of the charges against them. If appellant and her daughter were guilty of either of the offenses charged, and it does not seem to be denied that they were guilty of both, the fact that they were committed in his presence authorized their arrest by the constable without a warrant, and after the arrest it was his duty to take them at once, as was done, before appellant, or some judicial officer of like power, for trial, or to enable them to give bond for their appearance and to answer the charge against them at such time as the magistrate might set for their trial. Upon arriving at appellee's office with the prisoners, the constable, being, as shown by the evidence, compelled to immediately return to appellant's home for the purpose of executing the order of delivery by taking possession of the property therein described, left them in the custody of appellee until he could make some disposition of the cases, either by immediate trial or

the fixing of a date therefor, and affording them opportunity to give bond for their appearance at the time fixed for such trial. The act of the constable in placing the prisoners in appellee's custody for the purpose indicated was not illegal, nor did appellee, in taking them into custody, act, without authority; and if, while, in his custody, appellant, in disobedience of appellee's commands, attempted to effect her release by trying to leave his office and break away from his custody before he could reasonably determine what disposition to make of the case, either by then trying her or setting it for trial at a subsequent convenient and reasonable time, and in the latter event require of her a bond to answer the charge preferred at such time, then appellee had the right, by the use of reasonable means and without unnecessary force, to prevent her from leaving his office and custody.

The evidence is conflicting as to what occurred when appellant and her daughter attempted to leave appellee's office. The testimony of mother and daughter conduced to prove that, when they started from the office, appellee got between them and the door, forcibly took hold of them, and violently and repeatedly threw them back and against the walls of the office, by which appellant was frightened and injured. The testimony of appellee and one other witness was, however, to the effect that no such force was used by appellee, and that the only thing he did was to get between the women and the door, when they started to leave the office, and that while in that position he once gently placed a detaining hand upon appellant's shoulder to indicate to her that she would not be allowed to leave the office. It further appears from the evidence that, upon the return of the constable to appellee's office, appellant and her daughter

Meyers v. Dunn.

were permitted to depart upon their own recognizance, and that neither of them was ever brought to trial. It is not our province to pass upon the facts of the case, as to do so would be to invade the domain of the jury. Having weighed the evidence, the jury by their verdict declared their belief in appellee's version of the matters litigated. Accepting the truth of the verdict, we must conclude that appellant's detention of appellee was not illegal, and also that appellee was not guilty of the assault or, battery complained of.

It is, however, strongly insisted for appellant that, though it be conceded appellee as a judicial officer had the right to receive appellant as a prisoner from the constable, because of the offense charged against her by that officer, she was, nevertheless, under the Criminal Code, entitled to an immediate or "forthwith" trial or other proper disposition of her case, and that it appears from the evidence that she was unreasonably restrained of her liberty and was not forthwith tried. In view of the facts appearing in the record, we do not think this complaint well founded. According to appellant's own statement she was detained by appellee from 9 o'clock a. m. to 12 o'clock noon; but no other witness supports her. The other witnesses agree that the time of her detention did not exceed an hour, and it appears that during the whole of that time she was refusing to submit to appellee, and by her angry manner and language contributing to the delay, thereby obstructing him in taking such action as might have resulted in her earlier discharge from custody. While it is true that sectons 48 and 50, Cr. Code Prac., provide that an offense charged against one brought before a magistrate shall be forthwith examined into by that

officer, the word "forthwith" is not necessarily construed as meaning immediate. The construction given generally by the courts to the words "immediately" and "forthwith," whether occurring in contracts or statutes, is that the act referred to should be performed within such convenient time as is reasonably requisite, and what is a reasonable time is to be determined by the facts of the particular case in hand. Lincoln v. Field, 54 Ark. 471, 16 S. W. 288; Pennsylvania R. R. Co. v. Reichert, 58 Md. 261; Pittsburgh, V. & C. Ry. Co. v. Commonwealth, 101 Pa. 192; Martin v. Pifer, 96 Ind. 245; Kent v. Miles, 65 Vt. 582, 27 Atl. 194. As said in Pepper v. Mayes, etc., 81 Ky. 678, 5 Ky. Law Rep. 708; "But the authority to arrest, to try, and to require bond necessarily implies that the accused may be restrained of his liberty, within a reasonable limit, pending or preparatory to such examination. The law does not require a judicial officer to hold his court at all hours of the night and day, nor does it require that he should do violence to his conscience by holding an examining court on the Sabbath, although the proceeding of an examining court held on that day may be valid. Nor does the law require or permit such an officer to try one who is temporarily incapacitated by drink to attend to or understand the charge preferred against him. The situation was this: The hour, 11:30 p. m. Saturday. Appellant brought before the justice of the peace on a warrant sworn out by the affidavit of appellant's son, in which the son makes oath that appellant had threatened to take his life, and that it will be endangered so long as appellant is not restrained in his liberty. Appellant is crazed with drink and manifests his dangerous character in the presence of the court by cursing an officer. What,

then, was the justice to do? It was manifestly too late to try the accused before midnight if he had been in condition, and the law does not compel the justice to hold his court on the Sabbath. Certainly the justice would not have been justified in turning appellant loose upon the community, with the probability, as shown by the affidavit, that he would take the life of his son before morning." In view of the authorities supra and the facts of the case at bar, we are not inclined to disagree with the finding of the jury that appellant was not unreasonably restrained of her liberty by appellee.

Without noticing in detail appellant's objections to the trial court's ruling in admitting and rejecting testimony, it is sufficient to say that no prejudicial error in respect thereto appears to have been committed by the court. The same may also be said as to the instructions; for, on the whole, they did not withhold from the jury any essential aspect of the law applicable to the case.

Judgment affirmed.