**EDENS v. HUDSON et al.**

Court of Appeals of Kentucky.

Nov. 2, 1951.

Napier & Napier, C. W. Napier and C. W. Napier, Jr., Hazard, for appellant.

Stephen Combs, Jr., Whitesburg, for appellees.

CAMMACK, Chief Justice.

This appeal is from a judgment dismissing Charles Edens' petition as amended after a demurrer thereto had been sustained. It is the contention of Edens that his petition as amended stated a cause of action against Herman C. Combs, Sheriff of Letcher County, Aus Hudson, Deputy Sheriff, and Willie and Talmadge Tolliver.

In his original petition Edens charged that Hudson and the Tollivers, who had been summoned by Hudson to assist him, arrested him under a warrant charging him with murder. They took him into custody and placed handcuffs upon him, and with force and threatening language, and at the point of a pistol, caused him to get in an automobile and ride to Whitesburg, where he was delivered to the jailer; at the time of his unlawful and wrongful arrest he told Hudson and the Tollivers that he would give any kind of bond required of him for his appearance, but Hudson refused to accept his bond at that time and also at the time he was placed in jail; and because of the unlawful arrest he was mortified and suffered great mental and bodily anguish and his reputation and business were damaged in the sum of $10,000. A demurrer was sustained to the petition.

After unsuccessful efforts to have the order sustaining the demurrer to the petition set aside, two amended petitions were filed. In the last one Edens adopted and reaffirmed the allegations of his original petition not inconsistent with the second amended one. The material allegations of the amended petition were (1) Edens was imprisoned without having opportunity to appear before a county judge or a magistrate to give bond, as provided by Section 46 of the Criminal Code of Practice; and (2) the arrest was made without a warrant.

If the deputy sheriff, Hudson, arrested Edens without a warrant, or without reasonable grounds for believing a felony

502

had been committed, he was acting in his individual capacity. The sheriff would not be liable under the circumstances. Commonwealth, for Use and Benefit of Coombs v. Vincent, 282 Ky. 95, 137 S.W.2d 1091. Likewise, since there were no specific allegations that the Tollivers did anything in connection with the arrest without a warrant, no cause of action was stated against them.

Subsection 2 of Section 36 of the Criminal Code of Practice provides that a peace officer may make an arrest without a warrant "when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony." Edens charged that the arrest was made without a warrant and without any law having been violated in the presence of the deputy sheriff, and also that he was not guilty of committing murder. However, he did not negative the provision of Section 36 of the Criminal Code of Practice authorizing an officer to make an arrest when he has reasonable grounds for believing that the person arrested has committed a felony. Under the circumstances, the petition as amended was demurrable because there was no proper allegation of an unlawful arrest. This conclusion disposes of both questions raised on the petition as amended.

Judgment affirmed.