## ROSENBERG v. BAX et al.

Court of Appeals of Kentucky.
Feb. 13, 1953.

Rehearing Denied June 19, 1953.

H. A. I. Rosenberg, pro se, for appellant.

Lawrence G. Duncan, J. W. Jones, Louisville, John Y. Brown, Lexington, for appellees.

COMBS, Justice.

The plaintiff, H. A. I. Rosenberg, seeks to recover damages against the sheriff of Jefferson county and three of his deputies for false arrest and false imprisonment. The question on this appeal is whether the trial court erred in sustaining a general demurrer to plaintiff's "amended and substituted petition."

To sustain his charge of false arrest, plaintiff alleged that the defendants, in the City of Louisville, between the hours of

7 and 8 p. m., without a warrant to arrest plaintiff, came into the premises occupied by the Fourth Avenue Billiard Parlor, "and with full knowledge to each of them, the said defendants, that plaintiff had not committed a felony of any nature or kind whatsoever, and without good or probable cause to warrant the belief in said defendants that plaintiff was in the process of committing a statutory or common-law felony at said time and place or to believe that he had theretofore perpetrated the same, and at a time when plaintiff was clearly in their presence not even remotely perpetrating an act justifying a belief on said defendants' part that a statutory or common-law felony was being, had been or would be committed by him, falsely, wilfully and maliciously arrested this plaintiff on the charge of setting up and operating a game of chance * * *."

It will be noted that although it is stated plaintiff did not commit a felony in the officers' presence, it is not stated he did not commit a public offense, i. e., a misdemeanor in their presence. Section 36 of the Criminal Code of Practice authorizes a peace officer to make an arrest "without a warrant, when a public offense is committed in his presence * * *." The presumption is in favor of the legality of the arrest and the burden was on plaintiff to plead sufficient facts to negative the presumption. Connelly v. American Bonding & Trust Co., 113 Ky. 903, 69 S.W. 959. So, the failure to state that plaintiff did not commit a public offense in the presence of the officers rendered the charge of false arrest fatally defective. Edens v. Hudson, Ky., 243 S.W. 2d 501.

As regards the false imprisonment phase of the case, it is stated in the pleading:

"Plaintiff states further that the defendants * * * failed and refused to respect and carry out the statutory duty imposed upon them, and each of them, to carry plaintiff forthwith before the most convenient magistrate of Jefferson County, Ky., in order that said alleged criminal offense might have been formally presented against the plaintiff and to thus afford him sufficient opportunity to furnish a bail

bond therefor and otherwise, in conformity with Sec. 46, said Criminal Code of Practice; and your plaintiff avers that said failure and refusal to respect and conform to the terms of Sec. 46, supra, was wilful, wanton and malicious and that their forcible incarceration of him in the said Jefferson County jail and his detention therein was also wilful, wanton and malicious * * *."

Section 46 of the Criminal Code of Practice provides, in pertinent part: "If an arrest be made without a warrant, whether by a peace officer or private person, the defendant shall be forthwith carried before the most convenient magistrate of the county in which the arrest is made * * *." Under this section of the Code an action for false imprisonment may be predicated upon delay in taking a person arrested before a magistrate, and denial of an opportunity to give bond regardless of the lawfulness of the arrest in the first instance. Annotation 79 A.L.R. 14; Satterly v. Thorton, 188 Ky. 553, 222 S.W. 1088.

This Court has held, however, that the term "forthwith" does not necessarily mean immediately, but within such time as is reasonably requisite, and what is a reasonable time is to be determined from the facts of the particular case. Meyers v. Dunn, 126 Ky. 548, 104 S.W. 352, 13 L.R.A., N.S., 881. For instance, it has been held that to hold a person under arrest overnight and until he is sober, or during Sunday, when no magistrate is available, is not violative of section 46 of the Cr.Code of Prac. Annotation 79 A.L.R. 20; Pepper v. Mayes, 81 Ky. 673.

Plaintiff's pleading fails to state that a magistrate was available at the time he was arrested; or that he was in a condition to be presented before a magistrate; or the length of time he was held before being taken before a magistrate; or the day of the week on which he was arrested. Cf. Combs v. Collier, 220 Ky. 246, 294 S.W. 1069. Again, the presumption is that the officers performed their duty, and the failure to negative the presumption made the

charge of false imprisonment fatally defective.

 The statements in other parts of the pleading that the officers acted wilfully, falsely and maliciously add nothing to the petition. To state a cause of action, it was incumbent upon plaintiff to state sufficient facts to show that either his arrest or his subsequent detention was unlawful. The demurrer to the amended and substituted petition was properly sustained.

· The judgment is affirmed.