**James DICKERSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 23, 1965.

James E. Higgins, Jr., Hopkinsville, for appellant.

Robert Matthews, Atty. Gen., Frank Berry, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

On the 21st day of March, 1963, appellant, James Dickerson, after a plea of guilty to an indictment for rape, was sentenced by the Christian Circuit Court to life imprisonment in the penitentiary without privilege of parole.

On the 15th day of July, 1964, a motion to vacate that judgment was filed under RCr 11.42. The court docketed the case for trial, ordered the warden of the Kentucky State Penitentiary at Eddyville to produce the petitioner for a hearing, and appointed a local attorney to represent him. After a full hearing, the motion was overruled.

Appellant contends that the judgment should be vacated because (1) after his arrest he was not taken without unnecessary delay before a magistrate as directed by RCr 3.02, and (2) he was not represented by counsel at the time he made a confession.

Appellant concedes that the determination of a reasonable time within which to take an arrested person before a magistrate is to be made from the facts of the particular case. Rosenberg v. Bax, Ky., 258 S.W.2d 458, and Meyers v. Dunn, 126 Ky. 548, 104 S.W. 352, 13 L.R.A.,N.S., 881. He does not contend the circuit court was not justified in ordering his removal to a place of safety because of the high feeling present in the community. He insists, however, that he should have been granted a hearing before his removal to a place of safety. To grant such a hearing before his removal would defeat the purpose of the safety measure. Since there was danger of mob violence, any delay would have increased the hazard. We conclude that the terms of RCr 3.02 were not violated.

Appellant's contention in regard to his second ground is not too clear. It seems to be based on the proposition that he confessed that he was guilty of the offense charged (after the examining trial) because of fear of mob violence and subsequently pled guilty at the trial because of the existence of that signed confession, not knowing that a confession given under such circumstances was inadmissible. First—the proof overwhelmingly discloses that the confession was not forced by the circumstances and was given voluntarily. Second—he had able counsel at the trial who testified at the RCr 11.42 hearing that he did not influence appellant in any manner to enter such a plea, but gave that option entirely to him.

The court, on the trial of this RCr 11.42 motion, held a full, complete hearing and reached a conclusion that seems absolute to us. Although we have reviewed this appeal at some length, it could well have been affirmed upon the citation of King v. Commonwealth, Ky., 387 S.W.2d 582, decided February 26, 1965.

Judgment affirmed.