**Walter CALLIHAN, Appellant,**

v.

**Edward J. KIRK, Appellee.**

Court of Appeals of Kentucky.

Oct. 6, 1967.

Charles S. Sinnette, Ashland, for appellant.

Paul C. Hobbs, Ashland, W. Terry McBrayer, Greenup, for appellee.

WADDILL, Commissioner.

Appellant, Walter Callihan, instituted this action against appellee, Edward Kirk, seeking damages for alleged false imprisonment. Approximately eighteen months after Kirk had filed an answer, the trial court sustained Kirk's motion to dismiss the complaint on the ground it did not state a claim.

Thereafter the court refused to permit Callihan to amend the complaint and entered a judgment dismissing the action. Callihan appeals contending that both rulings are erroneous.

These averments appear in the complaint:

"That on or about the 7th day of April, 1965, the plaintiff herein was taken into custody by the defendant herein, wrongfully and unlawfully lodged in the Greenup County jail by said defendant, all to his damage in the sum of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS.

"WHEREFORE, the plaintiff herein prays for a judgment against the defendant in the sum of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS, his Court costs herein, trial by jury and any and all other relief that he may be entitled to."

Callihan contends that these averments are sufficient under our pertinent Rules of Civil Procedure (CR 8.01, 8.05, 8.06) and that the cases relied upon by Kirk, such as Rosenberg v. Bax, Ky., 258 S.W.2d 458 (1953), decided under our former Civil Code are no longer controlling. Kirk urges that the Rosenberg case, supra, "shows that the law of this state is that the police officer is presumed to have done his duty and the pleader [Callihan] must plead this denial of performance as set forth in CR 9.03." Kirk further argues that, in the event we decide the complaint states a claim against him, the motion to dismiss the complaint should be treated as a motion for summary judgment and this motion should be sustained. The argument is based upon Callihan's testimony upon discovery that shows the county judge was not at the court house but was at his home at the time of Callihan's arrest. Therefore, it is contended that it was lawful to place Callihan in jail.

The basis of a cause of action for false imprisonment is an unlawful detention or restraint of the person of the plaintiff. Roberson's New Kentucky Criminal Law and Procedure, Section 1053, page 129. Hence, in stating a claim of false imprisonment it is only necessary that the plaintiff aver in concise and direct language that he was damaged by the wrongful or unlawful detention or imprisonment by the defendant. CR 8.01, 8.05(1) and 8.06; also see Caldwell's Kentucky Form Book, Third Edition, False Imprisonment, Chapter 45, page 549.

In the instant case the complaint satisfied the above stated requirement. Since the rules governing both our civil and criminal procedure were drastically changed after we decided Rosenberg v. Bax, supra, what was therein written on the subject of pleadings in this character of case is no longer controlling. The arguments that the imprisonment of Callihan was lawful because Kirk was performing his duties as a law enforcement official and that Kirk had substantially complied with the provision of RCr 3.02 are merely defenses that could have been raised by answer. See CR 8.03. We conclude that the complaint states a claim against Kirk.

We refuse to construe the motion to dismiss as a motion for summary judgment. In this connection it is sufficient to say that such a motion should initially be made at the trial level and, moreover, we believe there is a genuine issue of a material fact presented by the record. It is unnecessary to dispose of other contentions.

The judgment is reversed with directions to set it aside and to overrule Kirk's motion to dismiss this action.

All concur.