RENDERED:  APRIL 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0068-MR

CYNTHIA WHITE                                                    APPELLANT

APPEAL FROM MCCRACKEN CIRCUIT COURT
v.          HONORABLE JOSEPH ROARK, JUDGE
ACTION NO. 23-CR-00771

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
REVERSING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND MCNEILL, JUDGES.

EASTON, JUDGE:  Cynthia White (White) appeals from her conviction for First-Degree Bail Jumping after a jury trial.  Because the Commonwealth failed to present any evidence on an element of that charge, we reverse and remand for dismissal of this case with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Because bail jumping necessarily involves an underlying case, we will provide the whole history.  White was charged in McCracken Circuit Court, Case

No. 23-CR-00215, with Possession of a Controlled Substance (Oxycodone) First Offense. White later gave uncontradicted testimony that she was initially prescribed this medicine after she was shot multiple times in what she described as a shooting into a group of people. Her drug possession arrest reportedly resulted from White having a single pill observed as not being in a prescription bottle.

White also said that she was a survivor of domestic violence, although she gave no details, and no documents about such violence were provided.[1] White said that she is the single parent of five children, four of which ranged in age from nine to three. At the time of her arrest, White had a job and was also a college student.

Although White had appeared for prior hearings, she failed to appear for a pretrial conference for the drug possession case on September 11, 2023. There was no question that she knew about this date. The judge told her the date twice, and she received a reminder card from her attorney at her prior court appearance.

At various court appearances, White explained that she was told by her appointed attorney that she was going to do a deferred prosecution program on the drug charge. White was told to go to classes with a local provider, which she

---

[1] We see from the available records of the McCracken Circuit Court Clerk that White was the petitioner in a domestic violence case with an emergency protective order entered but later dismissed. (Case No. 18-D-00270-001.)

did. White remembered that she had a court date in September, but she could have thought at some point that she might not have to appear again because of the completion of the classes. She never heard back from her appointed attorney in response to her calls to ask about the status of her case.

White was arrested in November 2023 and served 35 days in jail. This disrupted her school attendance, and she had to quickly find a place for her children. She said she had to leave the children with someone she did not know well because she had no local family connections near Paducah. After a bond hearing at which this information was offered, the circuit court granted an unsecured bond on the felony bail jumping charge. White never missed another of her multiple, subsequent court dates.

At the one-day jury trial for First-Degree Bail Jumping, the Commonwealth called one witness, the McCracken Circuit Court Clerk. The Clerk did not bring White's court files or any other documentation. Her testimony consisted of only showing brief video clips of the appearance when White was told to return on September 11, 2023, and the video record from that later date when White failed to appear. Taking out around ten minutes for the time it took to get the video clips to where they would play and could be seen by the jury, the actual evidence offered by the Commonwealth did not exceed twenty-five minutes.

At the close of the Commonwealth's evidence, White's counsel made a motion for a directed verdict. He pointed out that the Commonwealth failed to present any evidence that White was subject to any order entered upon her release from custody. The circuit court acknowledged the apparent problem with this. But the Commonwealth then argued that the judge verbally telling White to return on a later date was enough of an order. The circuit court denied the directed verdict motion. White renewed the directed verdict motion at the close of all evidence, and thus this issue is properly preserved for our review.

The jury found White guilty. During closing arguments for the sentencing phase,[2] the Commonwealth pleaded with the jury not to impose the minimum sentence of one year. The jury imposed a sentence of the minimum one year. White was not incarcerated after her conviction pending sentencing. The sentence was later probated.

---

[2] We note here two items of concern from our review of this record. The circuit court informed the jury that they "recommend" a sentence. This verb is often used in trial courts and appellate courts for that matter when describing jury sentencing in felony cases. But the jury "determines" the penalty for every felony crime. Kentucky Revised Statutes (KRS) 532.055(2). In KRS 532.060(1), the law states that the jury "fixes" the penalty. Juries "recommend" only if sentences they have determined or fixed are served consecutively or concurrently. KRS 532.055(2). Even though a judge may later modify a sentence pursuant to KRS 532.070, telling a jury that they only "recommend" a sentence may lessen the seriousness of the task in the minds of the jurors. Also, the circuit court had the attorneys give their closing arguments on sentencing before the jury was given the jury instructions. The closing arguments must be after the court has instructed the jury.

The resolution of the underlying drug charge was tracked with this case to some extent using the same court dates. The available record of Case No. 23-CR-00215 shows that White resolved that case with a plea to the misdemeanor of not having a prescription drug in its proper container. As a result, solely because of this bail jumping case, White is a convicted felon with all the attendant consequences of that status, including impacts on her employability and eligibility for school funding. She filed this timely appeal.

## STANDARD OF REVIEW

This case turns on the decision to deny a directed verdict to White.

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

When an appellate court reviews a directed verdict decision of the trial court, "the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id*. Substantive evidence is required. A

defendant should be granted a directed verdict "if the prosecution produces no more than a mere scintilla of evidence." *Id.* at 188.

## ANALYSIS

We start our analysis where we left off in the explanation of the standard of review. It is important to understand the reference to the word "scintilla." Scintilla is a word not typically used conversationally. It is Latin for "spark" or "trace," and, in the context of a directed verdict, it is the basis of a common law rule providing "that if even the slightest amount of relevant evidence exists on an issue, then a motion . . . for directed verdict should not be granted and the issue must go to the jury." *Scintilla-of-Evidence Rule*, BLACK'S LAW DICTIONARY (12th ed. 2024).

Kentucky abandoned the common law scintilla rule in criminal cases eighty-five years ago. *Carpenter v. Commonwealth*, 155 S.W.2d 240 (Ky. 1941). That is why *more than* a scintilla is required. As we will see, the Commonwealth failed to present even a scintilla of evidence on two of the elements of First-Degree Bail Jumping in this case.

First-Degree Bail Jumping is proscribed by KRS 520.070. This crime has four elements.[3] We will list them as they appear in the statute: (1) the

---

[3] We have observed that proving venue is sometimes thought of as necessary for a conviction and thus may be thought by some to be an element to be proven. Since venue is mentioned in standard jury instructions, it is indeed advisable to prove venue. But proper venue is not an

defendant must have been "released from custody by court order"; (2) the court order must contain a condition for the defendant to appear in court at specified times; (3) the pending charge must be a felony; and (4) the subsequent failure to appear must be intentional.

We eliminate the only uncontroverted aspect of this case. White was informed to appear at a specified time. We next discuss the evidence about an intentional failure to appear. Intent is an incorporeal state of mind; it is not a tangible item which can be proven with evidence of that item. Intent may be inferred from evidence: "as we have written many times, the intentions of an accused may be ascertained from the surrounding facts and the jury is allowed a reasonably wide range in which to infer intent from the circumstances." *Rayburn v. Commonwealth*, 476 S.W.2d 187, 189 (Ky. 1972).

The jury could infer White's intent from the circumstances. She had appeared in court on prior dates. She was told repeatedly to be there on September 11, 2023. She did not appear. She offered no evidence of contemporaneous attempts to inform anyone about her failure to appear, and she was not arrested until two months later. She did not turn herself in to the authorities.

---

element of a crime and is governed by KRS 452.510. It is a statutory right which a defendant can waive if she does not object and request transfer. *See Turner v. Commonwealth*, 345 S.W.3d 844 (Ky. 2011). Sufficient evidence was introduced to show White's failure to appear occurred in McCracken County, and this was not an issue in this case.

While White provided an *explanation* for why she failed to appear, the jury was not required to believe that explanation as an absence of intent. The law provides a separate exculpation to bail jumping when a defendant's intentional failure was "unavoidable and due to circumstances beyond [her] control." KRS 520.070(2). The circuit court denied an instruction requested by White on this point. White did not appeal that denial.

Now we get to the two elements about which the Commonwealth failed to present any evidence during its case. As we noted previously, with her directed verdict motion and renewal of that motion, White preserved her claim that the Commonwealth failed to prove the existence of an order entered after her release from custody. Unlike an internal state of mind like intent, an order is a tangible thing and can be proven simply with an authenticated copy of the order. An order cannot be *inferred* like intent.

On this record, White should have received a directed verdict at the close of the Commonwealth's case. There was no mention of any order about her release during the Commonwealth's case, although the Clerk with possession of that order (who apparently did not bring it with her) was the only witness. The Commonwealth's argument that the jury could infer that White must have been in custody at some point and subsequently released on an order is unpersuasive. The video clips shown to the jury never showed White as being in custody.

Unfortunately for White, she waived her right to a directed verdict on this point despite this absence of evidence on this element of the charge. White chose to testify and admitted that she had been released from custody by a court order. *See Cutrer v. Commonwealth*, 697 S.W.2d 156, 159 (Ky. App. 1985).

But White also claims that the Commonwealth failed to prove that the pending charge against her was a felony. White's counsel did not mention this during the directed verdict motion. As a result, White did not preserve this argument. *Ray v. Commonwealth*, 611 S.W.3d 250, 266 (Ky. 2020). She must rely on palpable error review, which she has requested.

The fact that White was facing a felony charge was an essential element of the charged crime of First-Degree Bail Jumping. *See Wynn v. Commonwealth*, 713 S.W.3d 122, 130 (Ky. 2025). The Court in *Wynn* recognized the right of a defendant to stipulate to the fact of a pending felony charge when the defendant choses to avoid potential prejudice[4] from identification of the underlying charge. *Id*. A stipulation gives incontrovertible proof of the fact stipulated. But here White stipulated to nothing. And the fact that her drug charge was at a felony level was never mentioned in any evidence.

---

[4] Whether to stipulate to an underlying charge and thus avoid identification of that charge would be a matter of trial strategy for a defendant based in part on the potential prejudice presented by the nature of the pending charge.

Again, juries do not *infer* such things. The felony charge status is easily proven by taking a matter of seconds to ask a witness, including the police officer who brought the charge, if the charge is a felony. After *Wynn*, this fact may often be stipulated. But here it was just ignored.

"The Commonwealth's failure to prove an essential element of a crime is necessarily palpable because the Due Process Clause protects a criminal defendant against conviction except upon proof beyond a reasonable doubt of each fact necessary to prove all the elements of a crime." *Lisle v. Commonwealth*, 290 S.W.3d 675, 680 (Ky. App. 2009).[5] A directed verdict of acquittal was required by the total failure of proof of the felony status of White's pending, underlying charge.

## CONCLUSION

The Commonwealth failed to present any evidence of a court order entered after White was released from custody and that the charge pending against White was a felony. White was entitled to a directed verdict. Although White waived the defect as to the existence of the court order, the failure of proof as to the felony status of the underlying charge was palpable error. The Judgment of the

---

[5] The necessity of proving that the underlying charge was a felony may also be required by the body of law developed from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The fact that the underlying charge is a felony increases the penalty range for the crime of bail jumping from a misdemeanor to a felony.

-10-

McCracken Circuit Court is REVERSED, and this case is remanded for the purpose of dismissal of this case with prejudice.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah D. Dailey
Emily Holt Rhorer
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky